PER CURIAM.
The Probate Rules Committee of the Florida Bar (rules committee) petitions this Court to consider amendments to the Florida Probate Rules. The amendments primarily follow statutory revisions to the Probate Code, other statutory changes, or implement procedures for addressing issues in the probate code. Specifically, the committee proposes amending Florida Probate Rules 5.122, 5.205, 5.240, 5.342, 5.385, 5.407, 5.430, 5.496, 5.552, 5.555, and 5.680. Moreover, the committee proposes amending only the committee notes in the following rules: 5.010, 5.020, 5.025, 5.030, 5.040, 5.041, 5.042, 5.050, 5.060, 5.100, 5.110, 5.120, 5.150, 5.170, 5.180, 5.200, 5.201, 5.210, 5.215, 5.230, 5.235, 5.241, 5.260, 5.270, 5.275, 5.320, 5.330, 5.340, 5.345, 5.346, 5.355, 5.360, 5.380, 5.386, 5.395, 5.400, 5.401, 5.405, 5.406, 5.420, 5.440, 5.460, 5.470, 5.475, 5.490, 5.510, 5.530, 5.541, 5.560, 5.590, 5.610, and 5.636. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar for its recommendation. After approval by the Board, this Court ordered publication of the proposed changes. No comments were filed.
We have reviewed the proposed amendments and adopt them as submitted and set forth in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. For the amendments that are the result of the 2001 Probate Code changes (rules 5.122, 5.205, 5.240, 5.342, 5.385, 5.430, and 5.496), the amendments shall become effective immediately and shall be applicable to decedents dying after December 31, 2001. See ch. 2001-226, Laws of Fla. For all other amendments, the effective date shall be January 1, 2004, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
APPENDIX
RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall be known as the Florida Probate Rules and may be cited as Fla. Prob. R. Part I applies to all proceedings. Part II applies to probate alone, Part III applies to guardianship alone, and Part IV applies to expedited judicial intervention concerning medical treatment procedures. The *1070 Florida Rules of Civil Procedure apply only as provided herein.
Committee Notes
Rule History
1975 Revision: These rules shall govern the procedures to be followed in all matters pending on or commenced after January 1, 1976, including procedures for the enforcement of substantive rights that have vested before that date. See section 731.011, Florida Statutes.
1977 Revision: The changes in these rules shall take effect on July 1, 1977.
1988 Revision: In the opinion reported at 460 So.2d 906, the Florida Supreme Court directed the Probate and Guardianship Rules Committee to study the statutes and attempt to identify those portions of the Florida Probate Code, the Florida Guardianship Law, and other statutes that contained procedural provisions. When those procedural provisions were identified, the committee was charged to promulgate rules incorporating those procedures.
The committee has reviewed the statutes and has found a substantial measure of procedure that was contained only in the statutes for which there were no corresponding rules. The committee also determined that much of the procedure in the statutes already had a rule counterpart.
New rules added, or prior rules amended, in 1988 to add procedural matters previously found only in the statutes are rules 5.050, 5.122, 5.171, 5.180, 5.201, 5.235, 5.270, 5.275, 5.355, 5.360, 5.385, 5.386, 5.400, 5.440, 5.475, 5.490, and 5.510. With only one exception (see rule 5.050), the only portion of the statutes that has been reviewed in detail, and for which rules have been created, is the Florida Probate Code. Other portions of the statutes mentioned in the opinion cited above remain for the next cycle of this committee to review.
As the committee wrote rules to transfer the statutory procedure into these rules, an attempt was made to write the rule without changing the meaning of the statute. It was not possible or advisable to use the exact wording of the statute in some instances, and in those instances the committee rewrote the statutory language in the format used in the rules generally. Even under those circumstances, the committee attempted to transfer the entire procedural portion of the statute without changing its meaning. Where it was specifically intended in a few instances to add to existing statutory procedure, that fact is noted in the relevant committee note. The committee felt strongly that it would be detrimental to the orderly process of estate probate and related procedures if a rule specified a different procedure than was specified in the related statute, even though the statute must, under the Florida Constitution, yield to the rule when there is a conflict.
The committee, through the proper channels in The Florida Bar (initially, the Probate Law Committee of the Real Property, Probate and Trust Law Section), intends to ask the legislature to repeal those portions of the statutes that are procedural when there are similar rules already in place, or when similar new rules are added by this opinion. It is the opinion of the committee that continuing to maintain procedure in the statutes when there is a rule specifying that procedure is detrimental to the orderly process of the court and the public that it serves, especially when, over time, the statute and the rule may diverge.
Although the supreme court has adopted these recommended rules, it has not specifically determined that all of the provisions of the statutes that were procedural have now been adopted as a rule. This is *1071 a continuing project for the committee and although these new rules and changes represent a substantial transition of procedure into the rules, the committee does not suggest that the transition is complete. The court is not precluded from examining any particular statute or rule in the context of a particular actual dispute.
1991 Revision: Rule revised to reflect addition of new Part IV dealing with expedited judicial intervention concerning medical treatment procedures.
1992 Revision: In 1989, the Florida Legislature enacted a comprehensive revision to Florida’s guardianship law. In response, the Florida Supreme Court appointed an ad hoc committee to recommend temporary rules of procedure for the new law. In an opinion at 551 So.2d 452 (Fla.1989), the court adopted the temporary rules recommended by the ad hoc committee, to replace Part III of the then-existing Florida Probate Rules, effective October 1, 1989. In its opinion, the court also directed the Florida Probate Rules Committee to review the new laws and, on a priority basis, to recommend permanent rules of procedure.
The committee reviewed the Florida Guardianship Law enacted in 1989, as well as revisions to the law enacted in 1990, and presented its rule recommendations to the court in 1991. The court, in an opinion at 584 So.2d 964, adopted the recommendations with minor exceptions, to be effective October 1,1991.
In 1990, the court also rendered its opinion in In re Guardianship of Browning, 568 So.2d 4 (Fla.1990), regarding a person’s right to refuse life-prolonging medical procedures. In that decision, the court directed the committee to recommend a rule to provide for expedited judicial intervention. In response, the committee created a new Part IV of these rules and recommended rule 5.900, which was adopted by the court, with minor changes, in its opinion at 584 So.2d 964, effective October 1,1991.
The committee continued its efforts to review the Florida Probate Code and to promulgate or amend rules regarding any procedural portions of those statutes. As a result of those efforts, as well as the efforts described above, the committee recommended amendments to rules 5.010, 5.025, 5.040, 5.050, 5.200, 5.240, 5.310, 5.346, 5.400, 5.470, 5.550, 5.560, 5.590, 5.600, 5.610, 5.620, 5.630, 5.640, 5.650, 5.660, 5.670, 5.680, 5.695, 5.700, 5.710, and 5.800; creation of new rules 5.496, 5.540, 5.541, 5.555, 5.635, 5.636, 5.690, 5.696, 5.697, 5.705, and 5.900; and deletion of rule 5.495. In addition, the committee recommended editorial changes in virtually all the rules so that they would conform stylistically to one another and to all other rules promulgated by the supreme court.
2003 Revision: The committee has promulgated numerous changes in the rules and in the committee notes to many of the rules, in response to legislative amendments that deleted procedural aspects of a number of statutes in the Florida Probate Code, including deletion and re-titling of some statutes. See Ch.2001-226, Laws of Fla.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040(a)(3)(GB ) Notice.
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.070-Subpoena.
Fla. Prob. R. 5.080 Discovery and subpoena.
Fla. Prob. R. 5.230(e) Commission to prove will.
Fla. R.App. P. 9.800 Uniform citation system.
*1072 RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS
(a) Forms of Pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. A petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Motions. Any other application to the court for an order shall be by written motion, unless made orally during a hearing or trial. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought.
(d) Rehearing. A motion for rehearing of any order or judgment shall be served not later than 10 days after the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.
(e) Verification. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
Committee Notes
The time for determining when a motion for rehearing must be served has been clarified in view of Casto v. Casto, 404 So.2d 1046 (Fla.1981).
Rule History
1977 Revision: Editorial change (rule) and expansion of committee note. Subdivisions (a), (b), and (d) substantially the same as subdivisions (a), (b), and (f) of prior rule 5.030. Subdivision (c) taken from section 731.104, Florida Statutes. For adversary proceedings see new rule 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: Subdivisions (e) and (d) have been redesignated as (e) and (f). New subdivisions (c) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
1984 Revision: Minor editorial changes. Subdivision (f) of prior rule has been deleted as it is now covered under the adversary rules.
1988 Revision: Editorial change in caption of (a). Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§ 731.201, Fla. Stat. General definitions.
§ 733.202, Fla. Stat. Petition.
§ 733.604(21), Fla. Stat. Inventory.
§ 733.901, Fla. Stat. Distribution; flFinal discharge.
§ 735A03, Fla. Stat. Petition for family administration.
§ 735.203, Fla. Stat. Petition for summary administration.
§ 744.104, Fla. Stat. Verification of documents.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
*1073 § 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.200 Petition for administration.
Fla. Prob. R. 5.205(b) Filing evidence of death.
Fla. Prob. R. 5.320 Oath of personal representative.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.
Fla. Prob. R. 5.370(a) Sales of real property where no power conferred.
Fla. Prob. R. 5.405(b) Proceedings to determine homestead real property.
Fla. Prob. R. 5.520 Family adminislr-a-tiOHr
Fla. Prob. R. 5.530 Summary administration.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.600 Oath.
RULE 5.025. ADVERSARY PROCEEDINGS
(a)Specific Adversary Proceedings. The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, determine amount of elective share and contribution, and for revocation of probate of a will.
(b) Declared Adversary Proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2)If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date on the petition.
(3) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice on all other interested persons.
(c) Adversary Status by Order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and Procedure in Adversáis Proceedings.
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.
(3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
*1074 (4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to reserve the petition except as ordered by the court.
(5) When the proceedings are adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall include the name of the first petitioner and the name of the first respondent.
Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or enter any order that will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided that will facilitate the clerk’s and the court’s ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
Court Case #
In Re Estate of John B. Jones Julia Jones, Petitioner, v. Harold Jones, as Personal Representative, et al., Respondents.
Rule History
1975 Revision: New rule. 324 So.2d 38.
1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, committee notes revised and expanded.
•1988 Revision: Changes in (a) add proceedings to remove a guardian and to surcharge a guardian to the list of specific adversary proceedings and delete proceedings to determine and award the elective share from the list. Change in (b)(4) clarifies on whom the petitioner must serve formal notice. Editorial change in (d)(2) and (d)(5). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Deletion of (b)(3) as unnecessary. Former (b)(4) renumbered as new (b)(3). Committee notes revised. Citation form changes in committee notes.
2001 Revision: Change in (a) to add determination of amount of elective share and contribution as specific adversary proceedings. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.107,-Fla. Stat. Adversary proceed-ingSr
§§ 732.201-732.2155, Fla. Stat. Elective share of surviving spouse.
§ 732.301, Fla. Stat. Pretermitted spouse.
§ 732.302, Fla. Stat. Pretermitted children.
§ 732.507, Fla. Stat. Effect of subsequent marriage, birth, adoption, or dissolution of marriage.
§§ 732.6005-732.611, Fla. Stat. Rules of construction.
§ 733.105, Fla. Stat. Determination of beneficiaries.
§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
*1075 § 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
§ 733.208, Fla. Stat. Discovery of later will.
§ 733.504, Fla. Stat. Causes of rRemoval of personal representative; causes for removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.5061, Fla. Stat. Appointment of successor upon removal.
■§-733.507, Fla. Sta^Administration following resignation or-removal.
§ 733.603, Fla. Stat. Personal representative to proceed without court order.
§ 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.
§ 733.619(2), (4), Fla. Stat. Individual liability of personal representative.
§ 733.814, Fla. Stat. Partition for purpose of distribution.
§ 744.474, Fla. Stat. Reasons for removal of guardian.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.360 Elective share and pre-existing dower.
Fla. Prob. R. 5.365 Petition for dower.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. R. Civ. P. 1.140 Defenses.
Fla. R. Civ. P. 1.160 Motions.
Fla. R. Civ. P. 1.200 Pretrial procedure.
Fla. R. Civ. P. 1.280 General provisions governing discovery.
Fla. R. Civ. P. 1.290 Depositions before action or pending appeal.
Fla. R. Civ. P. 1.310 Depositions upon oral examination.
Fla. R. Civ. P. 1.340 Interrogatories to parties.
Fla. R. Civ. P. 1.380 Failure to make discovery; sanctions.
RULE 5.030. ATTORNEYS
(a) Required; Exception. Every guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. A guardian or personal representative who is an attorney admitted to practice in Florida may represent himself or herself as guardian or personal representative.
(b) Limiting Appearance. An attorney of record for an interested person in a proceeding governed by these rules shall be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
(1) at the time of appearance the attorney files a notice specifically limiting the attorney’s appearance only to the particular proceeding or matter in which the attorney appears, or
(2) the court orders otherwise.
(c) Withdrawal or Limiting Appearance. An attorney of record may withdraw or limit the attorney’s appearance with approval of the court, after filing a motion setting forth the reasons and serving a copy on the client and interested persons.
*1076 Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.
Rule History
1975 Revision: Subdivision (a) is same as prior rule 5.040 with added provision for withdrawal of attorney similar to Florida Rule of Appellate Procedure 2.3(d)(2). Subdivision (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and addition of subdivision (c). Committee notes expanded.
1988 Revision: Editorial changes and order of subdivisions rearranged. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.301, Fla. Stat. Notice, — method and time;-proof.
§ 733.106, Fla. Stat. Costs and attorney’s fees.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 744.108, Fla. Stat. Guardian’s and attorney’s fees and expenses.
Rule References
Fla. Prob. R. 5.041(b) Service of pleadings and papers.
Fla. Prob. R. 5.110(c) Resident agent.
Fla. R. Jud. Admin. 2.060 Attorneys.
Fla. R.App. P. 9.440 Attorneys.
RULE 5.040. NOTICE
(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A) by sending a copy by any commercial delivery service requiring a signed receipt approved by the chief judge of the judicial circuit in which the proceeding is pending or by any form of mail requiring a signed receipt as follows:
*1077 (i) to the attorney representing an interested person; or
(ii) to an interested person who has filed a request for notice at the address given in the request for notice; or
(iii) to an incapacitated person to the person’s usual place of abode and to the person’s legal guardian, if any, at the guardian’s usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person at the person’s usual place of abode and on the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(iv) on any other individual to the individual’s usual place of abode or to the place where the individual regularly conducts business; or
(v)on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4) Service of formal notice pursuant to subdivision (3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee’s agent.
(5) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c) “Notice” Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean informal notice unless formal notice is specified.
(d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.
Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Reference in this rule to the terms “mail” or “mailing” refers to use of the United States Postal Service.
Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new require- *1078 raents for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
Statutory References
§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16), (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; — method and time; proof.
§ 733.203, Flar-Stat. Notice; when-required-T
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative’s right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Distribution; -IFinal discharge.
§ 744.106, Fla. Stat. Notice.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Jud. Admin. 2.060 Attorneys.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.
*1079 RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Réquired. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; How Made. When service is required or permitted to be made on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service shall be made by delivering or mailing a copy of the motion, pleading, or other paper to the attorney or interested person at the last known address or, if no address is known, leaving it with the clerk of the court. Service by mail shall be complete upon mailing except where serving formal notice. Delivery of a copy within this rule shall be complete upon
(1) handing it to the attorney or to the interested person; or
(2) leaving it at the attorney’s or interested person’s office with a clerk or other person in charge thereof; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; or
(4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing that person of the contents; or
(5)transmitting it by facsimile to the attorney’s or interested person’s office with a cover sheet containing the sender’s name, firm, address, telephone number, facsimile number, and the number of pages transmitted. When delivery is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile delivery occurs when transmission is complete.
Service by delivery after 4:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(c) Service; Numerous Interested Persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with the judge in which event the judge shall note the filing date and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or *1080 names) by (delivery) (mail) (fax) on (date).
Attorney”
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g) Service of Orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.
Rule History
1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).
2003 Revision: Committee notes revised.
Statutory References
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; — method and time; proof.
§ 733.203, Fla. Stat. Notice; when-re-quiredT
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.604(2), Fla. Stat. Inventory.
§ 733.705(2), (34), Fla. Stat. Payment of and objection to claims.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180(a)(31) Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
*1081 Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.060 Attorneys.
RULE 5.042. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the period begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday. When the period is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded. Any day ■ the clerk’s office is closed shall be deemed a legal holiday for purposes of this rule.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion for rehearing or to enlarge any period of time governed by the Florida Rules of Appellate Procedure.
(c) Service for Hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time After Service by Mail. Except for formal notice and notice of administration, when an interested person has the right or is required to act within a prescribed period after the service of notice or other paper on the interested person and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
Committee Notes
This rule is derived from Florida Rule of Civil Procedure 1.090.
Rule History
1984 Revision: New rule.
1988 Revision: Editorial changes in (a) and (b). Subdivision (a) enlarged to include closing of the clerk’s office as a legal holiday. In Clara P. Diamond, Inc. v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984), the Second District Court of Appeal suggested that Florida Rule of Civil Procedure 1.090(b) be clarified to leave no question that the court may not extend the time for rehearing, appeal, or petition for certiorari regardless of whether a request to enlarge the time therefor was made before the expiration of the time allowed. Because the format of rule 5.042(b) was substantially the same as the format of rule 1.090(b), subdivision (b) is amended to conform for the sake of clarity. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
*1082 Statutory References
§ 683.01, Fla. Stat. Legal holidays.
§ 731.111, Fla. Stat. Notice to- creditors.
§ 731.301, Fla. Stat. Notice, — method and time; proof.
§ 732.107, Fla. Stat. Escheat.
§ 732.21235, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.402, Fla. Stat. Exempt property.
§ 732.801(5), Fla. Stat. Disclaimer of interests in property passing by will or intestate succession or under certain powers of appointment.
§ 732.901, Fla. Stat. Production of wills.
§ 733.104, Fla. Stat. Suspension of statutes of limitation in favor of the personal representative.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.508, — Flat-Stat. Accounting upon removal.
§ 733.604,-Fla. Stat. Inventory.
§ 733.701, Fla. Stat. Notifying creditors.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.710, Fla. Stat. Limitations on claims against estates.
§ 733.816, Fla. Stat. Disposition of unclaimed property held by personal representatives.
Rule References
Fla. Prob. R. 5.040(a)(1) Notice.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.340(a)-(b) Inventory.
Fla. Prob. R. 5.345(a) Interim account-ings other than personal representatives’ final accountings.
Fla. Prob. R. 5.395 Notice of federal estate tax return.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Civ. P. 1.090 Time.
RULE 5.050. TRANSFER OF PROCEEDINGS
(a) Incorrect Venue. When any proceeding is filed laying venue in the wrong county, the court may transfer the proceeding in the same manner as provided in the Florida Rules of Civil Procedure. Any action taken by the court or the parties before the transfer is not affected because of the improper venue.
(b) Change of Residence of Ward. When the residence of a ward is changed to another county, the guardian of the person shall have the venue of the guardianship changed to the county of the acquired residence.
Committee Notes
Subdivision (b) of this rule represents a rule implementation of the procedure found in section 744.202(3), Florida Statutes.
Rule History
1975 Revision: Same as section 733.101(3), Florida Statutes.
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
1988 Revision: Prior rule renumbered as (a). New (b) is rule implementation of procedure in section 744.202(2), Florida Statutes. Editorial changes. Committee *1083 notes expanded. Citation form changes in rule and committee notes.
1991 Revision: Editorial changes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
ch. 47, Fla. Stat. Venue.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 744.106, Fla. Stat. Notice.
§ 744.201, Fla. Stat. Domicile of ward.
§ 744.202, Fla. Stat. Venue.
§ 744.2025, Fla. Stat. Change of. ward’s residence.
§ 744.306, Fla. Stat. Foreign guardians.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
Rule References
Fla. Prob. R. 5.200(d) Petition for administration.
Fla. Prob. R. 5.240(b)(23), (d) Notice of administration.
Fla. R. Civ. P. 1.060 Transfers of actions.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Request. Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein such person’s residence and post office address. When such person’s residence or post office address changes, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shall also deliver a copy thereof to the clerk, who shall forthwith mail it to the attorney for the personal representative or guardian, noting on the original the fact of mailing.
(b) Notice and Copies. A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is an interested person.
Committee Notes
Rule History
1975 Revision: This rule substantially incorporates the provisions of prior rule 5.060 except that now a copy of the request shall be mailed by the clerk only to the attorney for the personal representative or guardian. Even though a request under this rule has not been made, informal notice as provided in rule 5.040(b)(3) may still be required.
1977 Revision: Editorial and citation form change in committee note.
1980 Revision: Caveat, the personal representative may want to give notice to parties even though not required, for example, where an independent action has been filed on an objected claim.
1988 Revision: Captions added to subdivisions. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201, Fla. Stat. General definitions.
§ 733.604, Fla. Stat. Inventory.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.340 Inventory.
Fla. Prob. R. 5.341 Estate information.
*1084 RULE 5.100. RIGHT OF APPEAL
Appeal of final orders and discretionary appellate review of non-final orders are governed by the Florida Rules of Appellate Procedure.
Committee Notes
For purposes of appellate review, the service of a motion for rehearing postpones rendition of final orders only. A motion for rehearing of a non-final order does not toll the running of the time to seek review of that order.
Rule History
1975 Revision: Same as prior rule 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Editorial changes. Citation form changes in committee notes.
1996 Revision: Superseded by Florida Rule of Appellate Procedure 9.110(a)(2).
2000 Revision: Rewritten because former rule was superseded. Revisions to committee notes to amend text and to include cross-references to other rules.
2003 Revision: Committee notes revised.
Rule References
Fla. Prob. R. 5.020(d) Pleadings; verifications; motions.
Fla. R.App. P. 9.020(h) Definitions.
Fla. R.App. P. 9.110(a)(2), (b) Appeal proceedings to review final orders of lower tribunals and orders granting new trial in jury and non-jury cases.
Fla. R.App. P. 9.130(b) Proceedings to review non-final orders and specified final orders.
RULE 5.110. ADDRESS DESIGNATION FOR PERSONAL REPRESENTATIVE OR GUARDIAN; DESIGNATION OF RESIDENT AGENT AND ACCEPTANCE
(a) Address Designation of Personal Representative or Guardian. Before letters are issued, the personal representative or guardian shall file a designation of its residence street address and mailing address.
(b) Designation of Resident Agent. Before letters are issued, a personal representative or guardian shall file a designation of resident agent for service of process or notice, and the acceptance by the resident agent. A designation of resident agent is not required if a personal representative or guardian is (1) a corporate fiduciary having an office in Florida, or (2) a Florida Bar member who is a resident of and has an office in Florida. The designation shall contain the name, residence street address, and mailing address of the resident agent. A Florida office street address and mailing address for the attorney as resident agent may be designated in lieu of a residence address.
(c) Residency Requirement. A resident agent, other than a member of The Florida Bar who is a resident of Florida, must be a resident of the county where the proceedings are pending.
(d) Acceptance by Resident Agent. The resident agent shall sign a written acceptance of its designation.
(e) Incorporation in Other Pleadings. The designation of the address of the personal representative or guardian, the designation of resident agent, or acceptance may be incorporated in the petition for administration, the petition for appointment of guardian, or the personal representative’s or guardian’s oath.
*1085 (f) Effect of Designation and Acceptance. The designation of and acceptance by the resident agent shall constitute consent to service of process or notice on the agent and shall be sufficient to bind the personal representative or guardian:
(1) in its representative capacity in any action; and
(2) in its personal capacity only in those actions in which the personal representative or guardian is sued personally for claims arising from the administration of the estate or guardianship.
(g) Successor Agent. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative or guardian shall appoint a successor agent within 10 days after receiving notice that such event has occurred.
Committee Notes
Rule History
1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior rule 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to subdivisions. New subdivision (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
1988 Revision: Change in (c) to clarify that the personal representative, if a member of The Florida Bar, may not also serve as resident agent for service of process or notice. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2000 Revision: Extensive editorial changes to rule. Rule reformatted for clarity and revised to permit an attorney serving as resident agent to designate a business address in lieu of a residence address.
2003 Revision: Committee notes revised.
—Statutory Reference
§ 733.401(l)(d), -Fla. Stat. Issuance of letters.
Rule References
Fla. Prob. R. 5.200 Petition for administration.
Fla. Prob. R. 5.320 Oath of personal representative.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM
(a) Appointment. When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representative’s or guardian’s own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incapacitated person, an unborn or unascertained person, a minor or any other person otherwise under a legal disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests. The administrator ad *1086 litem or guardian ad litem shall file an oath to discharge all duties faithfully and upon the filing shall be qualified to act. No process need be served upon the administrator ad litem or guardian ad litem, but such person shall appear and defend as directed by the court.
(b) Petition. The petition for appointment of a guardian ad litem shall state to the best of petitioner’s information and belief:
(1) the name and residence address of each minor or incapacitated person and birth date of each minor who has an interest in the proceedings;
(2) the name and address of any guardian appointed for each minor or incapacitated person;
(8) the name and residence address of any living natural guardians or living natural guardian having legal custody of each minor or incapacitated person;
(4) a description of the interest in the proceedings of each minor or incapacitated person; and
(5) the facts showing the necessity for the appointment of a guardian ad litem.
(c) Notice. Within 10 days after appointment, the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incapacitated person.
(d) Report. The guardian ad litem shall deliver or mail conformed copies of any written report or finding of the guardian ad litem’s investigation and answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incapacitated person.
(e) Service of Petition and Order. Within 10 days after appointment, the petitioner for an administrator ad litem shall deliver or mail conformed copies of the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.
(f) Enforcement of Judgments. When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments. Execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected shall be paid to the personal representative or guardian, or as otherwise ordered by the court.
(g) Claim of Personal Representative. The fact that the personal representative is seeking reimbursement for claims against the decedent paid by the personal representative does not require appointment of an administrator ad litem.
Committee Notes
Rule History
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements sections 731.303(5), 733.308, and 744.391, Florida Statutes, and includes some of the provisions of prior rule 5.230.
*1087 1988 Revision: Editorial changes; captions added to paragraphs. Citation form changes in committee notes.
1992 Revision: Addition of phrase in subdivision (a) to conform to 1992 amendment to section 731.308(5), Florida Statutes. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.303, Fla. Stat. Representation.
§ 733.308, Fla. Stat. Administrator ad litem.
§ 733.708, Fla. Stat. Compromise.
§ 744.301, Fla. Stat. Natural guardians.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.391, Fla. Stat. Actions by and against guardian or ward.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.
RULE 5.122. CURATORS
(a) Petition for Appointment. The petition for appointment of a curator shall be verified and shall contain:
(1) the petitioner’s name, address, and interest, if any, in the estate;
(2) the decedent’s name, address, date and place of death, and state and county of domicile;
(3) the names and addresses of the persons apparently entitled to letters of administration and any known beneficiaries;
(4) the nature and approximate value of the assets;
(5) a statement showing venue;
(6) a statement as to why a curator should be appointed; and
(7)the name and address of any proposed curator.
The court may appoint a curator sua sponte.
(ab) Appointment. When it-is neces-saryHhe court may appoint a curator to take-possession of a decedent’s estate until letters of-administration are granted. — Os appointment, the Before letters of curator-ship are issued, the curator shall file a designation of resident agent and acceptance, and an oath, as is required for personal representatives under these rules. The court shall issue letters of curatorship which that shall entitle the curator to possession of or control the decedent’s property, which the court may enforce fey through contempt proceedings.
(fee) Notice. KFormal notice shall be given to the person apparently entitled to letters- is a resident of the county where the-proceeding is filed, no curator shall be appointed until formal notice is-given to such-person, if any. If it is likely that the decedent’s property will be wasted, destroyed, or removed beyond the jurisdiction of the court and if the appointment of a curator would be delayed by giving notice, the court may appoint a curator without notice.
(ed) Powers. QuBy order-ef, the court; may authorize the curator may be authorized to perform any duty or function of a personal representative, including publication and service of notice to creditors, or if a will has been admitted, service of notice of administration.
(d) Bond, Bond shall be required of the curator as the court deems necessary- to secure- the property. — No bond shall be required of banks and trust companies as curators.
(e) Inventory and Accounting. The curator shall file an inventory within 2030 days after issuance of letters of curator- *1088 ship. When the personal representative qualifies — is appointed, the curator shall immediately account for and deliver all estate assets of the estate in the curator’s possession to the personal representative within 2030 days, and-in default, shall be subject-to the provisions of these rules relating-to removal of personal repr-esenta-tives-after issuance of letters of administration.
(f) Petition to Reconsider. If a curator has been appointed without notice, any interested party who did not receive notice may, at any time, petition to reconsider the appointment.
(g) Subject to Other Provisions. Curators shall be subject to the provisions of these rules and other applicable law concerning personal representatives.
Committee Notes
This rule represents a rule implementation-ofimplements the procedure found in section 733.501, Florida Statutes.,_as amended in 1997 and 2001. The rule has been modified, in part, to reflect the addition of new rule 5.241 regarding notice to creditors. Because the fundamental concern of curatorship is protection of estate property, the procedure facilitates speed and flexibility while recognizing due process concerns. It is not intended to-that this rule change the effect of the statute from which it was-has been derived, but the rule has been reformatted to conform with-to the structure of these rules. It-4s not intended Furthermore, the Committee does not intend to create a new procedure or modify an existing procedure, except that subdivision (ed) of this-rule is specific regarding 2 -specifies certain acts which that the court may authorize the curator may be authorized to perform with order of court. This specificity of example, was-while not included in the statute, and the committee, by including this specification, didis not intended to limit the authorized acts to those 2-specified in the rule. The appointment of a curator without notice is tantamount to a temporary injunction. Thus, due process considerations suggest an expedited hearing to reconsider the appointment of a curator by any interested party who did not receive notice.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Citation form changes in committee notes.
2003 Revision: Extensive changes to rule to clarify procedure for appointment of curator. Committee notes revised.
Statutory References
§ 733.402, Fla. Stat. Bond of fiduciary; when required; form.
§ 733.501, Fla. Stat. Curators.
Rule Reference
Fla. Prob. R. 5.020 Pleadings; verification; motions.
RULE 5.150. ORDER REQUIRING ACCOUNTING
(a) Accountings Required by Statute. When any personal representative or guardian fails to file an accounting or return required by statute or rule, the court on its own motion or on the petition of an interested person shall order the personal representative or guardian to file the accounting or return within 15 days from the service on the personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(b) Accountings Not Required by Statute. On the petition of an interested person, or on its own motion, the court may require the personal representative or guardian to file an accounting or return not otherwise required by statute or rule. The order requiring an accounting or return shall order the personal representative or guardian to file the accounting or *1089 return within a specified time from service on the personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(c) Service. A copy of the order shall be served on the personal representative or guardian and the personal representative’s or guardian’s attorney.
Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 38.22, Fla. Stat. Power to punish con-tempts.
§ 38.23, Fla. Stat. Contempts defined.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.901, Fla. Stat. Distribution; fFinal discharge.
ch. 738, Fla. Stat. Principal and income.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3685, Fla. Stat. Order requiring guardianship report; contempt.
§ 744.369, Fla. Stat. Judicial review of guardianship reports.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.527, Fla. Stat. Final reports and applications for discharge; hearing.
Rule References
Fla. Prob. R. 5.650 Resignation or disqualification of guardian; appointment of successor.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. Prob. R. 5.670 Termination of guardianship on change of domicile of resident ward.
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. Prob. R. 5.695 Annual guardianship report.
Fla. Prob. R. 5.696 Annual accounting.
Fla. Prob. R. 5.697 Masters’ review of guardianship accountings and plans.
RULE 5.170. EVIDENCE
In proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the Florida Probate Code, the Florida Guardianship Law, or these rules.
*1090 Committee Notes
Rule History
1977 Revision: New rule.
1984 Revision: To further clarify the intent of the rule to incorporate the provisions of the Florida Evidence Code (chapter 90, Florida Statutes) when not in conflict with the Florida Probate Code or Florida Guardianship Law, or rules applicable to these particular proceedings.
1992 Revision: Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
ch. 90, Fla. Stat. Florida Evidence Code.
§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.
RULE 5.180. WAIVER AND CONSENT
(a) Waiver. An interested person, including a guardian ad litem, administrator ad litem, guardian of the property, or, if none, the natural guardian, personal representative, trustee, or other fiduciary, or a sole holder or all co-holders of a power of revocation or a power of appointment, may in writing
(1) waive:
(A) formal notice;
(B) informal notice;
(C) service including service of notice of administration;
(D) disclosure of the amount of compensation either paid to or to be paid to the personal representatives, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(E) disclosure of prior or proposed distribution of assets;
(F) any right or notice or the filing of any document, exhibit, or schedule required to be filed;
(G)any other proceedings or matters permitted to be waived by law or by these rules; and
(2) waive or consent on the person’s own behalf and on behalf of those the person represents to the extent there is no conflict of interest.
(b) Contents of Waiver. A waiver of disclosure of the amount of, or manner of determining, compensation shall be signed by each party bearing the impact of the compensation and shall be filed with the court. The waiver shall contain language declaring that the waiving party has actual knowledge of the amount and manner of determining the compensation and, in addition, either:
(1) that the party has agreed to the amount and manner of determining that compensation and waives any objection to payment; or
(2) that the party has the right to petition the court to decrease the compensation and waives that right.
Committee Notes
One person who serves in two fiduciary capacities may not waive or consent to the person’s acts without the approval of those whom the person represents. This rule represents a rule implementation of the procedure found in section 731.302, Florida Statutes.
Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
1988 Revision: Procedure from section 731.302, Florida Statutes, inserted as new (l)(f), and a new requirement that the waiver be in writing has been added. Edi- *1091 tonal changes. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition of specific fee waiver disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all fees. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 731.303, Fla. Stat. Representation.
§ 733.6171, Fla. Stat. Compensation of attorney for the personal representative.
§ 733.901, Fla. Stat. Distribution; fFinal discharge.
ch. 737, Fla. Stat. Trust administration.
§ 744.301, Fla. Stat. Natural guardians.
Rule References
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. Prob. R. 5.695 Annual guardianship report.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(a)a statement of the interest of the petitioner, the petitioner’s name and address, and the name and office address of the petitioner’s attorney;
(b)the name, last known address, social security number, date and place of death of the decedent, and state and county of the decedent’s domicile;
(c) so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationship to the decedent and the date of birth of any who are minors;
(d) a statement showing venue;
(e) the priority, under the code, of the person whose appointment as the personal representative is sought and a statement that the person is qualified to serve under the laws of Florida;
(f) a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters;
(g) a statement of the approximate value and nature of the assets;
(h) in an intestate estate, a statement that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unrevoked wills or codicils, a statement why the wills or codicils are not being probated, or otherwise a statement of the facts concerning any such will or codicil;
(i) in a testate estate, a statement identifying all unrevoked wills and codicils being presented for probate, and a statement that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(j) in a testate estate, a statement that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticat *1092 ed copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition.
Committee Notes
Rule History
1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as section 733.202, Florida Statutes, and implementing sections 733.301 through 733.305, Florida Statutes.
1988 Revision: Editorial changes. Committee notes revised.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 733.202(2)(b), Florida Statutes. Reference to clerk ascertaining the amount of the filing fee deleted in subdivision (g) because of repeal of sliding scale of filing fees. The remaining language was deemed unnecessary. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Addition of phrases in subdivision (j) to add references to wills probated in Florida where the original is in the possession of a foreign official. Editorial changes. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.202, Fla. Stat. Petition.
§ 733.301, Fla. Stat. Preference in appointment of personal representative.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.304, Fla. Stat. Nonresidents.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. Rr-5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.201 Notice of petition for administration.
RULE 5.201. NOTICE OF PETITION FOR ADMINISTRATION
Except as may otherwise be required by these rules or the Florida Probate Code, no notice need be given of the petition for administration or the issuance of letters when it appears that the petitioner is entitled to preference of appointment. Before letters shall be issued to any person who is not entitled to preference, formal notice shall be served on all known persons qualified to act as personal representative and entitled to preference equal to or greater than the applicant, unless those entitled to preference waive it in writing.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in section 733.203(2), Florida Statutes, which was repealed as procedural in 2001. — It-4s not intended to-change the effect of the statute' from which it was-derived but has been reformatted to ■ -e-oaform — with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
*1093 Rule History
1988 Revision: New rule.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2000 Revision: Committee notes revised.
Statutory References
§ 731.301, Fla. Stat. Notice; — method and time; proof.
§ 733.203(2), Fla. Stat. Notice; when required.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and — e-kims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.200 Petition for administration.
RULE 5.205. FILING EVIDENCE OF DEATH
(a) Requirements for Filing. A copy of an official record of the death of a decedent shall be filed by the personal representative, if any, or the petitioner in each of the following proceedings and at the times specified:
(1) Administration of decedent’s estate: not later than 3 months following the date of the first publication of the notice of administration to creditors.
(2) Ancillary proceedings: not later than 3 months following the date of first publication of notice to creditors.
—(3)—Family administration: — at any time prior to entry of the order of-family administration.
(43) Summary administration: at any time prior to entry of the order of summary administration.
(54) Disposition without administration: at the time of filing the application for disposition without administration.
(65) Determination of beneficiaries: at any time prior to entry of the final judgment determining beneficiaries.
(76) Determination of protected homestead: at any time prior to entry of the final judgment determining protected homestead status of real property.
(87) Probate of will without administration: at any time prior to entry of the order admitting will to probate.
(b) Waiver. On verified petition by the personal representative, if any, or the petitioner the court may enter an order dispensing with this rule, without notice or hearing.
(c) Authority to Require Filing. The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file a copy of an official record of death at any time during the proceedings.
Committee Notes
Rule History
1980 Revision: This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
1984 Revision: Captions and minor editorial changes. Committee notes revised.
1988 Revision: Editorial and substantive changes. Adds (a)(8) to require filing when will is admitted to probate without administration of the estate or an order disposing of property. Committee notes revised.
*1094 1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces “homestead” with “protected homestead” in (a)(7) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Revises subdivision (a)(1) to change notice of administration to notice to creditors. Deletes subdivision (a)(3) referring to family administration, and renumbers subsequent subdivisions. Committee notes revised.
Statutory References
§ 731.103, Fla. Stat. Evidence as to death or status.
§ 733.212, Fla — Stat.-Notice of administration; filing of-ohjectionfe
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
Rule References
Fla. Prob. R. 5.042(a) Time.
Fla. Prob. R. 5.171 Evidence of death.
Fla. Prob. R. 5.240 Notice-of administra-
Fla. Prob. R. 5.241 Notice to creditors.
RULE 5.210. PROBATE OF WILLS WITHOUT ADMINISTRATION
A petition to admit a decedent’s will to probate without administration shall be verified by the petitioner and shah contain:
(a) a statement of the interest of the petitioner, the petitioner’s name and address, and the name and office address of the petitioner’s attorney;
(b) the name, last known address, social security number, date and place of death of the decedent, and state and county of the decedent’s domicile;
(c) so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationships to the decedent, and the date of birth of any who are minors;
(d) a statement showing venue;
(e) a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters;
(f) a statement that there are no assets subject to administration in Florida;
(g) a statement identifying all unrevoked wills and codicils being presented for probate and a statement that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(h) a statement that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition.
Committee Notes
Examples illustrating when a will might be admitted to probate are when an instrument (such as a will or trust agreement) gives the decedent a power exercisable by will, such as the power to appoint a successor trustee or a testamentary power of appointment. In each instance, the will of the person holding the power has no legal significance until admitted to probate. There may be no assets, creditors’ issues, or other need for a probate beyond admitting the will to establish the exercise or non-exercise of such powers.
*1095 Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former rules 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new subdivision (b) to set forth required contents of petition for probate of will; moves former (b) to (c). Committee notes expanded; citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a)(4) changed to allow authenticated copies of wills to be admitted to probate if the original is filed or deposited in another jurisdiction.
2002 Revision: Substantial revision to the rule setting forth the requirements of a petition to admit a will to probate when administration is not required. Self-proof of wills is governed by the Florida Statutes. Former subdivision (a)(4) amended and transferred to new rule 5.215. Former subdivision (a)(5) amended and transferred to new rule 5.216.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201, Fla. Stat. General definitions.
§ 732.502, Fla. Stat. Execution of wills.
§ 732.503, Fla. Stat. Self-proof of will.
§ 733.201, Fla. Stat. Proof of wills.
§ 733.202, Fla. Stat. Petition.
§ 733.204, Fla. Stat. Probate of a will written in a foreign language.
§ 733.205, Fla. Stat. Probate of notarial will.
§ 733.206, Fla. Stat. Probate of will of resident after foreign probate.
§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.503, Fla. Stat.- Appointment of successor upon resignation.
§ 734.104, Fla. Stat. Foreign wills; admission to record; effect on title.
Rule References
Fla. Prob. R. 5.015 General definitions.
Fla. Prob. R. 5.205(a)(7) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.216 Will written in foreign language.
RULE 5.215. AUTHENTICATED COPY OF WILL
An authenticated copy of a will may be admitted to probate if the original could be admitted to probate in Florida.
Committee Notes
Rule History
2002 Revision: New rule, derived from former rule 5.210(a)(4).
2003 Revision: Committee notes revised.
*1096 Statutory References
will. '© ;*d o O' p m 1C o oq CO CO
§ 733.206, Fla. Stat. Probate of will of resident after foreign probate.
§ 734.102, Fla. Stat. Ancillary administration.
§ 734.1025, Fla. Stat. Nonresident decedent’s testate estate with property not exceeding $50,000 in this state; determination of claims.
§ 734.104, Fla. Stat. Foreign wills; admission to record; effect on title.
Rule References
Fla. Prob. R. 5.200 Petition for administration.
Fla. Prob. R. 5.210 Probate of wills without administration.
Fla. Prob. R. 5.470 Ancillary administration.
Fla. Prob. R. 5.475 Ancillary administration, short form.
RULE 5.230. COMMISSION TO PROVE WILL
(a) Petition. On petition the court may appoint a commissioner to take the oath of any person qualified to prove the will under Florida law. The petition shall set forth the date of the will and the place where it was executed, if known; the names of the witnesses and address of the witness whose oath is to be taken; and the name, title, and address of the proposed commissioner.
(b) Commission. The commission shall be directed to any person who is authorized to administer an oath by the laws of Florida, the United States of America, or the state or country where the witness may be found, and it shall empower the commissioner to take the oath of the witness to prove the will and shall direct the commissioner to certify the oath and file the executed commission, copy of the will, oath of the witness, and certificate of commissioner. An oath of the commissioner is not required.
(c) Mailing or Delivery. The petitioner or the petitioner’s attorney shall cause the commission, together with a copy of the will, the oath, and the certificate of commissioner, to be mailed or delivered to the commissioner.
(d) Filing. The executed commission, copy of the will, oath of the witness, and certificate of commissioner shall be filed.
(e) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of personal representatives. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes
Rule History
1975 Revision: Substantially the same as prior rule 5.130(a) and (b) and carries forward prior procedures as to a matter upon which Florida Probate Code is silent.
1984 Revision: This rule has been completely changed to set forth the procedure for the issuance and return of a commission. The rule has been broadened to allow anyone authorized by Florida Statutes or by the U.S.Code to be a commissioner as well as those authorized by the state or country where the witness resides.
The rule now provides that the petitioner or his attorney shall forward the commission to the commissioner. The rule also contemplates that a Florida notary may be appointed as commissioner to take *1097 the proof of a witness outside the State of Florida. Committee notes revised and expanded.
1988 Revision: Editorial and substantive changes. Change in (a) to provide that the commissioner may take the oath of not only the attesting witness to the will but also the oath of any other person qualified to prove the will; change in (c) to permit copies other than photographic copies to be furnished to the commissioner, and to permit delivery of documents in a manner other than by mailing; change in (d) to require the‘filing of documents with the court. Committee notes revised. Citation form changes in rule and committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 92.50, Fla. Stat. Oaths, affidavits, and acknowledgments; who may take or administer; requirements.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.201, Fla. Stat. Proof of wills.
§ 733.504, Fla. Stat. Causes of rRemoval of personal representative; causes for removal.
§ 733.506, Fla. Stat. Proceedings for removal.
22 U.S.C. § 4215 Notarial acts, oaths, affirmations, affidavits, and depositions; fees.
Rule References
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. R. Civ. P. 1.060 Transfers of actions.
RULE 5.235. ISSUANCE OF LETTERS, BOND
(a) Appointment of Personal Representative. After the petition for administration is filed and the will, if any, is admitted to probate:
(1) the court shall appoint the person entitled and qualified to be personal representative;
(2) the court shall determine the amount of any bond required. The clerk may approve the bond in the amount determined by the court; and
(3) any required oath or designation of, and acceptance by, a resident agent shall be filed.
(b) Issuance of Letters. Upon compliance with all of the foregoing, letters shall be issued to the personal representative.
(c) Bond. .On petition by any interested person or on the court’s own motion, the court may waive the requirement of filing a bond, require a personal representative or curator to give bond, increase or decrease the bond, or require additional surety.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in sections 733.401 and 733.403(2), Florida Statutes, both of which were repealed in 2001. It is not intended to change the effect of the statutes from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
*1098 1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Mandate in subdivision (a)(2) prohibiting charge of service fee by clerk deleted. Statutory references added.
2008 Revision: Committee notes revised.
Statutory References
§ 28.24(24), Fla. Stat. Service charges by clerk of the circuit court.
§ 28.2401, Fla. Stat. Service charges in probate matters.
§ 733.401, Fla. Stat. Issuance of letters.'
§ 733.402, Fla. Stat. Bond of personal representative fiduciary; when required; form.
§ 733.403, Fla. Stat. Amount of bond.
§ 733.405, Fla. Stat. Release of surety.
§ 733.501, Fla. Stat. Curators.
Rule References
Fla. Prob. R. 5.110 Resident agent Address designation for personal representative or guardian; designation of resident agent and acceptance.
Fla. Prob. R. 5.122 Curators.
Fla. Prob. R. 5.320 Oath of personal representative.
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and Service. The personal representative shall promptly serve a copy of the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:
(1) the decedent’s surviving spouse;
(2) all beneficiaries;
(3) a trustee of any trust described in section 733.707(3), Florida Statutes; and
(4)persons who may be entitled to exempt property
in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under a known will or heirs or others who claim or may claim an interest in the estate.
(b) Contents. The notice shall state:
(1) the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;
(2) the name and address of the personal representative and of the personal representative’s attorney;
(3) that any interested person on whom the notice is served who challenges the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court is required to file any objections with the court in the manner provided in the Florida Probate Rules within the time required by law or those objections are forever barred; and
(4) that any person entitled to exempt property is required to file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived.
(c) Copy of Will. Unless the court directs otherwise, the personal representative of a testate estate shall, upon written request, furnish a copy of the will and all codicils admitted to probate to any person on whom the notice of administration was served.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure *1099 set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes
Rule History
1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to require service of notice of administration on trustees of certain revocable trusts as defined by Florida statute. Editorial changes.
2002 Revision: Procedures for notifying creditors are now governed by new rule 5.241. Committee notes revised.
2003 Revision: Change in title of (a) to reflect elimination of publication of notice. Committee notes revised.
Statutory References
§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.
*1100 § 733.506, Fla. Stat. Proceedings for removal.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. R. Civ. P. 1.060 Transfers of actions.
RULE 5.241. NOTICE TO CREDITORS
(a) Publication and Service. After issuance of letters, the personal representative shall promptly publish a notice to creditors and serve a copy of the notice, in the manner provided for informal notice, on all creditors of the decedent who are reasonably ascertainable and, if required by law, on the Agency for Health Care Administration.
(b) Contents. The notice to creditors shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and of the personal representative’s attorney, and the date of first publication of the notice to creditors. The notice shall require all creditors to file all claims against the estate with the court, within the time provided by law.
(c) Method of Publication and Proof. Publication shall be made as required by law. The personal representative shall file proof of publication with the court within 45 days after the date of first publication of the notice to creditors.
(d)Statement Regarding Creditors. Within 4 months after the date of the first publication of notice to creditors, the personal representative shall file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement shall indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with the notice to creditors or otherwise received actual notice of the information contained in the notice to creditors; provided that the statement need not include persons who have filed a timely claim or who were included in the personal representative’s proof of claim.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice to creditors shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case substantially impacted the method for handling (and barring) creditors’ claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the personal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a pa *1101 tient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.
Rule History
2002 Revision: New rule to implement procedures consistent with new section 733.2121, Florida Statutes.
2003 Revision: Committee notes revised.
Statutory References
ch. 50, Fla. Stat. Legal and official advertisements.
§ 731.301, Fla. Stat. Notice.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.703, Fla. Stat. Form and manner of presenting claim.
§ 733.704, Fla. Stat. Amendment of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.708, Fla. Stat. Compromise.
Rule Reference
Fla. Prob. R. 5.490 Form and manner of presenting claim.
RULE 5.260. CAVEAT; PROCEEDINGS
(a)Filing. Any creditor or interested person other than a creditor may file a caveat with the court.
(b) Contents. The caveat shall contain the decedent’s name, the decedent’s social security number or date of birth, if known, a statement of the interest of the caveator in the estate, and the name, specific mailing address, and residence address of the caveator.
(c) Resident Agent of Caveator; Service. If the caveator is not a resident of Florida, the caveator shall file a designation of the name and specific mailing address and residence address of a resident in the county where the caveat is filed as the caveator’s agent for service of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. If the caveator is represented by an attorney admitted to practice in Florida who signs the caveat, it shall not be necessary to designate a resident agent under this rule.
(d) Filing After Commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, the clerk shall forthwith notify the caveator in writing of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney.
(e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify the caveator, in writing, advising the cave-ator of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney, unless notice has previously been served on the caveator. A copy of any notice given by the clerk, together with a certificate of the mailing of the *1102 original notice, shall be filed in the estate proceedings.
(f) Other Interested Persons; Before Commencemént. After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the cave-ator’s designated agent.
Committee Notes
Caveat proceedings permit a decedent’s creditor or other interested person to be notified when letters of administration are issued. Thereafter, the caveator must take appropriate action to protect the ca-veator’s interests.
This rule treats the creditor caveator differently from other caveators.
Rule History
1977 Revision: Carried forward prior rule 5.150.
1984 Revision: Changes in (a), (b), and (d) are editorial. Change in (c) eliminates resident agent requirement for Florida residents and for nonresidents represented by a Florida attorney. Service on the attorney binds caveator. Former (e) is now subdivisions (e) and (f) and treats creditor caveator differently from other interested persons. Change in (f) requires formal notice. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Addition of language in subdivision (b) to implement 1992 amendment to section 731.110(2), Florida Statutes. Editorial changes. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.110, Fla. Stat. Caveat; proceedings.
§ 738.203(l-);-Tda. Stat. Notice; when required.-
Rule Reference
Fla. Prob. R. 5.040(a) Notice.
RULE 5.270. REVOCATION OF PROBATE
(a) Petition and Contents. A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds on which revocation is demanded.
(b) Continued Administration. Pending the determination of any issue for revocation of probate, the personal representative shall proceed with the administration of the estate as if no revocation proceeding had been commenced, except that no distribution may be made to devi-sees in contravention of the rights of those who, but for the will, would be entitled to the property disposed of.
Committee Notes
This rule represents a rule implementation of the procedure found in section 733.109(2), Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that subsections (1) and (3) of the statute are substantive, and have therefore not been included. Further, this rule revises subdivision (b) of the prior similar rule to track the language in the statute from which it was derived.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Language of subdivision (b) of the rule rewritten to track the statute more closely. Committee notes ex *1103 panded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.107, Fla. Stat. Adversary proceedings.
§ 731.201(21), Fla. Stat. General definitions.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections — and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.240 Notice of administration.
RULE 5.275. BURDEN OF PROOF IN WILL CONTESTS
In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation. Thereafter, the contestant shall have the burden of establishing the grounds on which the probate of the will is opposed or revocation sought.
Committee Notes
This rule represents a rule implementation of the procedure found in section 733.107, Florida Statutes. -The-language of-this rule is-virtually identical with the statute. ■ The presumption of undue influence implements public policy against abuse of fiduciary or confidential relationships and is therefore a presumption shifting the burden of proof under sections 90.301-90.304, Florida Statutes.
Rule History
1988 Revision: New rule.
1992 Revision: Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 90.301, Fla. Stat. Presumption defined; inferences.
§ 90.302, Fla. Stat. Classification of re-buttable presumptions.
§ 90.303, Fla. Stat. Presumption affecting the burden of producing evidence defined.
§ 90.304, Fla. Stat. Presumption affecting the burden of proof defined.
§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.
RULE 5.320. OATH OF PERSONAL REPRESENTATIVE
Before the granting of letters of administration, the personal representative shall file an oath to faithfully administer the estate of the decedent. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent.
Committee Notes
It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.
Rule History
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
This rule establishes the uniform requirement for an oath of faithful perfor- *1104 manee of fiduciary duties within the permissiveness of section 733.401(l)(d), Florida Statutes. Should be taken together with new rule 5.110, Resident Agent.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory Reference
§ 733.401(l)(d), Fla. Stat. Issuance of letter St
Rule References
Fla. Prob. R. 5.110 Resident agent Address designation for personal representative or guardian; designation of resident agent and acceptance.
Fla. Prob. R. 5.235 Issuance of letters, bond.
RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
Notwithstanding any other provisions of these rules, the personal representative shall sign the:
(a) inventory;
(b) accountings;
(c) petition for sale or confirmation of sale or encumbrance of real or personal property;
(d) petition to continue business of decedent;
(e) petition to compromise or settle claim;
(f) petition to purchase on credit;
(g) petition for distribution and discharge; and
(h) resignation of personal representative.
Committee Notes
Rule History
1975 Revision: Where the jurisdiction of the court is invoked voluntarily pursuant to section 733.603, Florida Statutes, or otherwise, the rule requires that the personal representative have actual knowledge of the more important steps and acts of administration.
1977 Revision: Citation form change in committee note.
1988 Revision: Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.604, Fla. Stat. Inventory.
§ 733.612(5), (22), (24), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 733.613, Fla. Stat. Personal representative’s right to sell real property.
§ 733.708, Fla. Stat. Compromise.
§ 733.901, Fla. Stat. Distribution; — fFinal discharge.
Rule References
Fla. Prob. R. 5.340 Inventory.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.
Fla. Prob. R. 5.370 Sales of real property where no power conferred.
*1105 Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.430 Resignation of personal representative.
RULE 5.340. INVENTORY
(a) Contents and Filing. Unless an inventory has been previously filed, the personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall contain notice of the beneficiaries’ rights under subdivision (e), list the estate with reasonable detail and include for each listed item (excluding real property appearing to be protected homestead property) its estimated fair market value at the date of the decedent’s death. Real property appearing to be protected homestead property shall be listed and so designated.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice; except that the personal representative shall serve copies of the petition and order on the persons described in subdivision (d).
(c) Amendments. A supplementary or amended inventory containing the information required by subdivision (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
(2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department of Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service.
(e) Information. On reasonable request in writing the personal representative shall provide a beneficiary with information to which the beneficiary is entitled by law.
(f) Elective Share Proceedings. Upon entry of an order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file an inventory of the property entering into the elective estate which shall identify the direct recipient, if any, of that property. The personal representative shall serve the inventory of the elective estate as provided in rule 5.360. Service of an inventory of the elective estate on the Department of Revenue is not required. On reasonable request in writing the personal representative shall provide an interested person with a written explanation of how the inventory value for an asset was determined and shall permit an interested person to examine appraisals on which the inventory values are based.
(g) Verification. All inventories shall be verified by the personal representative.
Committee Notes
Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.
Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.
Constitutional protected homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional *1106 protected homestead property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The rights of beneficiaries to information contained in estate inventories is limited by section 733.604(3), Florida Statutes. Inventories of the elective estate under subdivision (f) affects a broader class of interested persons who may obtain information regarding the assets disclosed therein subject to control by the court and the confidentiality afforded such inventories under section 733.604(1) and (2).
Rule History
1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
1984 (First) Revision: Extensive changes. Committee notes revised.
1984 (Second) Revision: Subdivision (a) modified to clarify or re-insert continued filing requirement for inventory.
1988 Revision: Editorial changes in (b) and (d). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2001Revision: Subdivision (a) amended to conform to statutory changes. Subdivision (d) amended to add requirement of filing of proof of service. Subdivision (e) amended to clarify personal representative’s duty to furnish explanation of how inventory values were determined. Subdivision (f) added to require personal representative to file inventory of property entering into elective share. Subdivision (g) added to require verification of inventories. Committee notes revised.
2002 Revision: Subdivision (e) amended to conform to section 733.604(3), Florida Statutes. Subdivision (f) amended to establish procedures for interested persons to obtain information about assets and values listed in the inventory of the elective estate. Committee notes revised.
2003 Revision: Committee notes revised.
Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.604, Fla. Stat. Inventory.
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.360 Elective share.
Fla. Prob. R. 5.405 Proceedings to determine homestead real property.
Rule 5.342 INVENTORY OF SAFE-DEPOSIT BOX
(a) Filing. The personal representative shall file an inventory of the contents of the decedent’s safe-deposit box within 10 days of the initial opening of the box by the personal representative or the personal representative’s attorney of record. The inventory shall include a copy of the financial institution’s entry record for the box from a date that is six months prior to the decedent’s date of death to the date of *1107 the initial opening by the personal representative or the personal representative’s attorney of record-
lb) Verification. Each person who was present at the initial opening must verify the contents of the box by signing a copy of the inventory under penalties of perjury
(c) Service. The personal representative shall serve a copy of the inventory on the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service-
Committee Notes
Inventories and entry records, once filed, shall be afforded the same confidentiality as probate inventories.
If a safe-deposit box is opened pursuant to section 655.935 of the Florida Statutes, no written inventory of the box need be prepared or filed.
Rule History
2003 Revision: New rule.
Statutory References
§ 655.935, Fla. Stat. Search procedure on death of lessee.
§ 655.936, Fla. Stat. Delivery of safe-deposit box contents or property held in safekeeping to personal representative.
§ 733.6065, Fla. Stat. Opening safe-deposit box.
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.340 Inventory.
RULE 5.345. ACCOUNTINGS OTHER THAN PERSONAL REPRESENTATIVES’ FINAL ACCOUNTINGS
(a) Applicability and Accounting Periods. This rule applies to the interim accounting of any fiduciary of a probate estate, the accounting of a personal representative who has resigned or been removed, and the accounting of a curator upon the appointment of a successor fiduciary. The fiduciary may elect to file an interim accounting at any time, or the court may require an interim or supplemental accounting. The ending date of the accounting period for any accounting to which this rule applies shall be as follows:
(1) For an interim accounting, any date selected by the fiduciary, including a fiscal or calendar year, or as may be determined by the court.
(2) For the accounting of a personal representative who has resigned or has been removed, the date the personal representative’s letters are revoked.
(3) For a curator who has been replaced by a successor fiduciary, the date of appointment of the successor fiduciary.
(b) Notice of Filing. Notice of filing and a copy of any accounting to which this rule applies shall be served on all interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Objection. Any interested person may file an objection to any accounting to which this rule applies within 30 days from the date of service of notice on that person. Any objection not filed within 30 days from the date of service shall be deemed abandoned. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(d) Service of Objections. The objecting party shall serve a copy of the objec *1108 tion on the fiduciary filing the accounting and other interested persons.
(e) Disposition of Objections and Approval of Accountings. The court shall sustain or overrule any objection filed as provided in this rule. If no objection is filed, any accounting to which this rule applies shall be deemed approved 30 days from the date of service of the accounting on interested persons.
(f) Substantiating Papers. On reasonable written request, the fiduciary shall permit an interested person to examine papers substantiating items in any accounting to which this rule applies.
(g) Supplemental Accountings. The court, on its own motion or on that of any interested person, may require a fiduciary who has been replaced by a successor fiduciary to file a supplemental accounting, the beginning date of which shall be the ending date of the accounting as specified in subdivision (a) of this rule and the ending date of which is the date of delivery of all of the estate’s property to the successor fiduciary, or such other date as the court may order.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a fiduciary of a probate estate may elect, but is not required, to file interim accountings at any time. An accounting is required for resigning or removed fiduciaries. The filing, notice, objection, and approval procedure is similar to that for final accounts.
Rule History
1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Implements procedures for interim accountings and accountings by resigning or removed fiduciaries. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 733.3101, Fla. Stat. Personal representative not qualified.
§ 733.501, Fla. Stat. Curators.
§ 733.502, Fla.- Stat. Resignation of personal representative.
§ 733.5035, Fla. Stat. Surrender of assets after resignation.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.509, Fla. Stat. Surrender of assets upon removal.
ch. 738, Fla. Stat. Principal and income.
Rule References
Fla. Prob. R. 5.122 Curators.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.430 Resignation of personal representative.
*1109 Fla. Prob. R. 5.440 Proceedings for removal.
RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. A fiduciary accounting shall include:
(1) all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration, and
(2) a schedule of assets at the end of the accounting period.
(b) Accounting Standards. The following standards are required for the accounting of all transactions occurring on or after January 1,1994:
(1) Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) The accounting shall begin with a concise summary of its purpose and content.
(3) The accounting shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) The accounting shall contain 2 values in the schedule of assets at the end of the accounting period, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The accounting shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c)Accounting Format. A model format for an accounting is attached to this rule as Appendix A.
Committee Notes
This rule substantially adopts the Uniform Fiduciary Accounting Principles and Model Formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations.
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
Attached as Appendix B to this rule are an explanation and commentary for each of the foregoing standards, which shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable. The model accounting format included in Appendix A is only a suggested form.
Rule 5.180(a)(1)(F) allows a waiver to the requirement that principal and interest be separately accounted for.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised.. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
1999 Revision: Committee notes revised to correct rule reference and to reflect formatting changes in accounting formats.
*1110 2002 Revision: Subdivisions (a) and (b) amended to clarify contents of accounting. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 733.501, Fla. Stat. Curators.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.602(1), Fla. Stat. General duties.
§ 733.612(18), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 737.3035, Fla. Stat. Trust accountings.
ch. 738, Fla. Stat. Principal and income.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.122 Curators.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.430 Resignation of personal representative.
Fla. Prob. R. 5.440 Proceedings for removal.
APPENDIX A
[[Image here]]
*1111 [[Image here]]
*1112 [[Image here]]
*1113 [[Image here]]
*1114 [[Image here]]
*1115 [[Image here]]
APPENDIX B
UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a “credit” to the fund rather than a “debit” to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing atten *1116 tion upon the manner of preparation rather than the product.
II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence, or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary’s administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
3.1 The first account for a decedent’s estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be *1117 counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.8 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.
IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values — generally reflective of date of death — would be appropriate. Assets received in kind by a trustee from a settlor of an inter vivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying value is referred to as “fiduciary acquisition value.” The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receipts, and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust *1118 the carrying value of assets to reflect values at the start of that fiduciary’s administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Though essential for accounting purposes, carrying values are commonly misunderstood by laypersons as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period.
Illustrations:
4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor’s administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor’s first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.
Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary’s estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary’s best estimate of value. In such circumstances, a statement that value was fixed by some method such as “per company books,” “formula under buy-sell agreement,” or “300% of assessed value” would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.
V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the *1119 transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock split, or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled “Changes in Investment Holdings” in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value, and avoid extensive searches through the account for information scattered among other schedules.
RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by the personal representative, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court. The petition shall state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by the personal representative. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in section 733.6175, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
*1120 1996 Revision: Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice^ — method and time; proof.
§ 733.612(19), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 733.617, Fla. Stat. Compensation of personal representative.
§ 733.6171, Fla. Stat. Compensation of attorney for the personal representative.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
RULE 5.360. ELECTIVE SHARE
(a) Election. An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an attorney-in-fact or guardian of the property of the surviving spouse.
(1) Election by Surviving Spouse. An electing surviving spouse shall file the election within the time required by law and promptly serve a copy of the election on the personal representative.
(2) Election by Attorney-in-Fact or Guardian of the Property of Surviving Spouse.
(A) Petition for Approval. Before filing the election, the attorney-in-fact or guardian of the property of the surviving spouse shall petition the court having jurisdiction of the probate proceeding for approval to make the election. The petition for approval shall allege the authority to act on behalf of the surviving spouse and facts supporting the election.
(B) Notice of Petition. Upon receipt of the petition, the personal representative shall promptly serve a copy of the petition by formal notice on all interested persons.
(C) Filing the Election. Upon entry of an order authorizing the filing of an election, the attorney-in-fact or guardian of the property shall file the election within the later of the time provided by law or 30 days from service of the order and promptly serve a copy of the election on the personal representative.
(b) Procedure for Election.
(1) Extension. Within the period provided by law to make the election, the surviving spouse or an attorney-in-fact or guardian of the property of the surviving spouse may petition the court for an extension of time for making an election or for approval to make the election. After notice and hearing the court for good cause shown may extend the time for election. If the court grants the petition for an extension, the election must be filed within the time allowed by the extension.
(2) Withdrawal of Election. The surviving spouse, an attorney-in-fact, a guardian of the property of the surviving spouse, or the personal representative of the surviving spouse’s estate may withdraw the election within the time provided by law.
(3) Notice of Election. Upon receipt of an election the personal representative shall promptly serve a notice of election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice. The notice of election shall indicate the names and addresses of the attorneys for the surviving *1121 spouse and the personal representative and shall state that:
(A) persons receiving a notice of election may be required to contribute toward the satisfaction of the elective share;
(B) objections to the election must be served within 20 days after service of the copy of the notice of election; and
(C) if no objection to the election is timely served, an order determining the surviving spouse’s entitlement to the elective share may be granted without further notice.
(4) Objection to Election. Within 20 days after service of the notice of election, an interested person may serve an objection to the election which shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all other interested persons who have not previously been served with a copy of the objection.
(c) Determination of Entitlement.
(1) No Objection Served. If no objection to the election is timely served, the court shall enter an order determining the spouse’s entitlement to the elective share.
(2) Objection Served. If an objection to the election is timely served, the court shall determine the surviving spouse’s entitlement to the elective share after notice and hearing.
(d) Procedure to Determine Amount of Elective Share and Contribution.
(1) Petition by Personal Representative. After entry of the order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file and serve a petition to determine the amount of the elective share. The petition shall
(A) give the name and address of each direct recipient known to the personal representative;
(B) describe the proposed distribution of assets to satisfy the elective share, and the time and manner of distribution; and
(C) identify those direct recipients, if any, from whom a specified contribution will be required and state the amount of contribution sought from each.
(2) Service of Inventory. The inventory of the elective estate required by rule 5.340 shall be served together with the petition.
(3) Petition by Spouse. If the personal representative does not file the petition to determine the amount of the elective share within 90 days from rendition of the order of entitlement, the electing spouse or the attorney-in-fact or the guardian of the property or personal representative of the electing spouse may file the petition specifying as particularly as is known the value of the elective share.
(4) Objection to Amount of Elective Share. Within 20 days after service of the petition to determine the amount of the elective share, an interested person may serve an objection to the amount of or distribution of assets to satisfy the elective share. The objection shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all interested persons who have not previously been served.
(5) Determination of Amount of Elective Share and Contribution.
*1122 (A) No Objection Served. If no objection is timely served to the petition to determine the amount of the elective share, the court shall enter an order on the petition.
(B) Objection Served. If an objection is timely served to the petition to determine the amount of the elective share, the court shall determine the amount of the elective share and contribution after notice and hearing.
(6) Order Determining Amount of Elective Share and Contribution. The order shall:
(A) set forth the amount of the elective share;
(B) identify the assets to be distributed to the surviving spouse in satisfaction of the elective share; and
(C) if contribution is necessary, specify the amount of contribution for which each direct recipient is liable.
(e) Relief from Duty to Enforce Contribution. A petition to relieve the personal representative from the duty to enforce contribution shall state the grounds on which it is based and notice shall be served on interested persons.
Committee Notes
The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida’s elective share statutes, §§ 732.201 et seq., Fla. Stat. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040. Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the jurisdiction of the court. Rule 5.040(a)(3)(C); ch. 48, Fla. Stat. Process and Service of Process; ch. 49, Fla. Stat., Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. § 733.604(1) and (2), Fla. Stat. In fulfilling his or her obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Preexisting rights to dower and curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.
Rule History
1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining elective share. Committee notes revised and expanded.
1988 Revision: Extensive changes. A new procedure has been added providing for optional service of a notice of election together with a copy of the election and a procedure to expose objections to and determine right to entitlement, separate from the pre-existing procedure of determination of amount and setting aside. Subdivisions (c) and (d) represent rule implementation of procedure in statute. Committee notes revised and expanded. Citation form changes in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
*1123 2001 Revision: Entire rule rewritten. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 732,201, Fla. Stat. Right to elective share.
§ 732.2025, Fla. Stat. Definitions.
§ 732.2035, Fla. Stat. Property entering into elective estate.
§ 732,2045, Fla. Stat. Exclusions and overlapping application.
§ 732.2055, Fla. Stat. Valuation of the elective estate.
§ 732.2065, Fla. Stat. Amount of the elective share.
§ 732.2075, Fla. Stat. Sources from which elective share payable; abatement.
§ 732.2085, Fla. Stat. Liability of direct recipients and beneficiaries.
§ 732.2095, Fla. Stat. Valuation of property used to satisfy elective share.
§ 732.2125, Fla. Stat. Right of election; by whom exercisable.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.2145, Fla. Stat. Order of contribution; personal representative’s duty to collect contribution.
§ 733.604, Fla. Stat. Inventory.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.340 Inventory.
Fla. R.App. P. 9.020(h) Definitions.
RULE 5.380. COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS
(a) Petition. A beneficiary may file a petition setting forth the facts that entitle the beneficiary to compel payment of devises or distributive interests stating that the property will not be required for the payment of debts, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges, and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements.
(b) Order. If the court finds that the property will not be required for the purposes set forth in subdivision (a), it may enter an order describing the property to be surrendered or delivered and compelling the personal representative, prior to the final settlement of the personal representative’s accounts, to do one or more of the following:
(1) Pay all or any part of a devise in money.
(2) Deliver specific personal property within the personal representative’s custody and control.
(3) Pay all or any part of a distributive interest in the personal estate of a decedent.
(4) Surrender real property.
(c) Bond. Before the entry of an order of partial distribution, the court may require the person entitled to distribution to give a bond with sureties as prescribed by law.
Committee Notes
History
1984 Revision: Extensive changes. Committee notes revised.
*1124 1988 Revision: Editorial change in caption of (a). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation, form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.301, Fla. Stat. Notice, — method and time; proof.
§ 733.802, Fla. Stat. Proceedings for compulsory payment of devises or distributive interest.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.395 Notice of federal-estate tax return.-
RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a) Beneficiaries and Shares. If a personal representative or other interested person is in doubt or is unable to determine with certainty beneficiaries entitled to an estate or the shares of any beneficiary of an estate, or a beneficiary entitled to any asset or interest in an estate, the personal representative or other interested person may petition the court to determine beneficiaries.
(b) Petition. The petition shall include:
(1) the names, residences, and post office addresses of all persons who may have an interest, except creditors of the decedent, known to the petitioner or ascertainable by diligent search and inquiry;
(2) a statement of the nature of the interest of each person;
(3) designation of any person believed to be a minor or incapacitated, and whether any person so designated is under legal guardianship in this state;
(4) a statement as to whether petitioner believes that there are, or may be, persons whose names are not known to petitioner who have claims against, or interest in, the estate as beneficiaries.
(c)Order. After formal notice and hearing, the court shall enter an order determining the heirs or devises beneficiaries or the shares and amounts they are entitled to receive, or both.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in section 733.105, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except — that--it- recognizes the ■r-ight-of-an interested person-other-than the personal representative-to-initiate-thls procedure. — The fir-st-sentence of (2) of the statute has not been included in this rule as -the---committee feels it is sufficiently-covered — in rule 5.025. — The. second.sentence of (2) of the-statute-is felt by the committee-to-be-substantive and has not been included.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Subdivision (c) added to implement procedure formerly found in section 733.105(2), Florida Statutes. Committee notes revised.
2003 Revision: Change in subdivision (c) to replace “heirs or devisees” with “benefi *1125 ciaries” to incorporate term used in section 733.105, Florida Statutes. Committee notes revised.
Statutory References
ch. 49, Fla. Stat. Constructive service of process.
§ 731.201(2), (21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.105, Fla. Stat. Determination of beneficiaries.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.205(a)(65) Filing evidence of death.
RULE 5.386. ESCHEAT
(a) Escheat Proceeding. If it appears to the personal representative that an estate may escheat or there is doubt about the existence of any person entitled to the estate, the personal representative shall institute a proceeding to determine beneficiaries within 1 year after letters have been issued to the personal representative, and notice shall be served on the Department of Legal Affairs. If the personal representative fails to institute the proceeding within the time fixed, it may be instituted by the Department of Legal Affairs.
(b)Court’s Report. On or before January 15 of each year, each court shall furnish to the Department of Legal Affairs a list of all estates being administered in which no person appears to be entitled to the property and the personal representative has not instituted a proceeding for the determination of beneficiaries.
(c) Administration. Except as herein provided, escheated estates shall be administered as other estates.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in section 732.107, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 732.107, Fla. Stat. Escheat.
§ 733.105, Fla. Stat. Determination of beneficiaries.
§ 733.816, Fla. Stat. Disposition of unclaimed property held by personal representatives.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.385 Determination of beneficiaries and shares.
RULE 5.395. NOTICE OF FEDERAL ESTATE TAX RETURN
When a federal estate tax return is required, the personal representative shall file a notice stating the due date of the *1126 return. The notice shall be filed within 12 months from the date letters are issued and copies of the notice shall be served on interested persons. Whenever the due date is subsequently extended, similar notice shall be filed and served.
Committee Notes
The purpose of the rule is to require notification to the court and all interested persons that the time for closing the estate is extended when a federal estate tax return is required.
Rule History
1984 Revision: New rule.
1988 Revision: Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory-References
■§ — 7-3340-1-,--F-la—Stat.—Issuance of letters.
■§ 733.901(1), Fla. Stat. Distribution; fi-
Rule Reference
Fla. Prob. R. 5.400 Distribution and discharge.
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a) Petition for Discharge; Final Accounting. A personal representative who has completed administration except for distribution shall file a final accounting and a petition for discharge including a plan of distribution.
(b) Contents.
The petition for discharge shall contain a statement:
(1)that the personal representative has fully administered the estate;
(2) that all claims which were presented have been paid, settled, or otherwise disposed of;
(3) that the personal representative has paid or made provision for taxes and expenses of administration;
(4) showing the amount of compensation paid or to be paid to the personal representative, attorneys, accountants, appraisers, or other agents employed by the personal representative and the manner of determining that compensation;
(5) showing a plan of distribution which shall include:
(A) a schedule of all prior distributions;
(B) the property remaining in the hands of the personal representative for distribution;
(C) a schedule describing the proposed distribution of the remaining assets; and
(D) the amount of funds retained by the personal representative to pay expenses that are incurred in the distribution of the remaining assets and termination of the estate administration;
(6) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(7) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c)Closing Estate; Extension. The final accounting and petition for discharge *1127 shall be filed and served on interested persons within 12 months after issuance of letters for estates not required to file a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
(e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f) Waiver. The final accounting,, any portion of the petition for discharge, or the time for filing objections may be waived by all interested persons.
Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution. If disclosure of the compensation or disclosure of the manner of determining the compensation in the petition for discharge is to be waived, the form of waiver must conform to rule 5.180(b).
Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution, or compensation in rule 5.401.
1988 Revision: Subdivision (b)(1) is deleted to avoid duplication with rule 5.346. Subdivision (c) is amended to add the 12-month time specification of section 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition in (a)(4) of specific attorney fee compensation disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all compensation. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201(10), (21), Fla. Stat. General definitions.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.809, Fla. Stat. Right of retainer.
§ 733.810, Fla. Stat. Distribution in kind; valuation.
§ 733.811, Fla. Stat. Distribution; right or title of distributee.
§ 733.812, Fla. Stat. Improper distribution or payment; liability of distributee or payee.
*1128 § 733.901, Fla. Stat. Distribution.^-Urinal discharge.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
•Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.
Fla. R. Jud. Admin. 2.085(d)(1)(D) Time standards for trial and appellate courts.
RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a) Objections. An interested person may object to the petition for discharge or final accounting within 30 days after the service of the later of the petition or final accounting on that interested person.
(b) Contents. Written objections to the petition for discharge or final accounting must state with particularity the items to which the objections are directed and must state the grounds on which the objections are based.
(c) Service. Copies of the objections shall be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.
(d) Hearing on Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be given to all interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
(e) Order on Objections. The court shall sustain or overrule any objections to the petition for discharge and final accounting and shall determine a plan of distribution.
(f) Discharge. On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
Committee Notes
Rule History
1984 Revision: New rule. Objections to the petition for discharge or final accounting were formerly under prior rule 5.400. Clarifies procedure for objections.
1988 Revision: Editorial changes in (a). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (d) amended to clarify that 90-day period pertains to service of hearing notice, not the actual hearing date.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201(10), (21), Fla. Stat. General definitions.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and com *1129 pensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Distribution; fFinal discharge.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.400 Distribution and discharge.
RULE 5.405. PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY
(a) Petition. An interested person may file a petition to determine protected homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent’s death;
(2) the county of the decedent’s domicile at the time of death;
(3) the name of the decedent’s surviving spouse and the names and dates of birth of the decedent’s surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided; and
(5) any other facts in support of the petition.
(c) Order. The court’s order on the petition shall describe the real property and determine whether any of the real property constituted the protected homestead of the decedent. If the court determines that any of the real property was the protected homestead of the decedent, the order shall identify the person or persons entitled to the protected homestead real property and define the interest of each.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent’s protected homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional protected homestead property was established by In re Noble’s Estate, 73 So.2d 873 (Fla.1954).
Rule History
1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subdivision (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (c) amended to require description of real property that is the subject of the petition, description of any homestead property, and definition of specific interests of persons entitled to homestead real property.
2002 Revision: Replaces “homestead” with “protected homestead” throughout to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
*1130 § 731.201(29), Fla. Stat. General definitions.
§ 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.607, Fla. Stat. Possession of estate.
§ 733.608, Fla. Stat. General power of the personal representative.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.205(a)(76) Filing evidence of death.
Fla. Prob. R. 5.340 Inventory.
Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a) Petition. An interested person may file a petition to determine exempt property within the time allowed by law.
(b) Contents. The petition shall be verified by the petitioner and shall:
(1) describe the property and the basis on which it is claimed as exempt property; and
(2) state the name and address of the decedent’s surviving spouse or, if none, the names and addresses of decedent’s children entitled by law to the exempt property and the dates of birth of those who are minors.
(c) Order. The court shall determine each item of exempt property and its value and order the surrender of that property to the persons entitled to it.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and section 732.402, Florida Statutes.
Section 732.402, Florida Statutes, specifies the time within which the petition to determine exempt property must be filed after first publication of notice of administration, within 4 months after the date of service of the notice of administration, unless extended as provided in the statute.
To ensure due process, notice must be reasonably — ealeu-lated-,-zander—all—the-cir-cumstances-, — te-appr-ise-intere&ted-persons of the pendan&y — of—the--proGeeding--and afford them an opportunity to participate.
If an estate is insolvent or the effect of granting the petition- determining-exempt property is that not all creditors will be paid in full, creditors may be interested
Rule History
1984 Revision: New rule.
1988 Revision: Subdivision (a) revised to reflect editorial changes and to require verification. Subdivision (b)(1) revised to require the basis for asserting exempt property status. Subdivision (b)(2) added the requirement of stating addresses of those entitled to exempt property. Subdivision (c) revised to reflect editorial changes and to require determination of the value of each item of exempt property. Committee notes revised.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes in rule to conform to similar language in rule 5.405. Committee notes revised.
2003 Revision: Committee notes revised.
*1131 Constitutional Reference
Art. X, § 4, Fla. Const-
Statutory References
uments. 04 o o O o o 5S £ GO o T — i 1-1 CO
§ 732.402, Fla. Stat. Exempt property.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.420 Disposition of personal property without administration.
Rule 5.407 PROCEEDINGS TO DETERMINE FAMILY ALLOWANCE
(a) Petition. An interested person may file a petition to determine family allowance-
lb) Contents. The petition shall be verified by the petitioner and shall:
(1) tate the names and addresses of the decedent’s surviving spouse and the decedent’s lineal heirs who were being supported by the decedent or who were entitled to be supported by the .decedent at the time of his death, stating the dates of birth of those who are minors; and
(2) for each person for whom an allowance is sought, state the person’s name and relationship to the decedent, the basis on which the allowance is claimed, and the amount sought.
(c) Order. The order shall identify the persons entitled to the allowance, the amount to which each is entitled, the method of payment, and to whom payment should be made.
Committee Notes
Rule History
2003 Revision: New rule.
GO rt-8-c C+o w & O 53 O
§ 731.104, Fla. Stat. Verification of documents.
§ 732,403, Fla. Stat. Family allowance.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
RULE 5.420. DISPOSITION OF PERSONAL PROPERTY WITHOUT ADMINISTRATION
(a) Application. An interested person may request a disposition of the decedent’s personal property without administration. An application signed by the applicant shall set forth:
(1) the description and value of the exempt property;
(2) the description and value of the other assets of the decedent;
(3) the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses for the last 60 days of the last illness together with accompanying statements or payment receipts; and
(4) each requested payment or distribution of personal property.
(b) Exempt Property. If the decedent’s personal property includes exempt property, or property that can be determined to be exempt property, the application must also be signed by all persons entitled to the exempt property or by their representative.
*1132 (c) Preparation. On request, the clerk shall assist the applicant in the preparation of the required writing.
(d) Disposition. If the court is satisfied that disposition without administration is appropriate, the court may, without hearing, by letter or other writing authorize the payment, transfer, or disposition of the decedent’s personal property to those persons entitled to it.
Committee Notes
Section 732.402, Florida Statutes, requires persons entitled to exempt property, which excludes property specifically or demonstratively devised, to file timely a petition to determine exempt property. Accordingly, disposition of personal property under this rule should not be granted if decedent’s personal property includes exempt property without all persons entitled thereto agreeing to such disposition.
Rule History
1977 Revision: Permits the clerk to perform limited ministerial acts in the completion of the application.
1984 Revision: Editorial changes. Delineates the required contents of the application. Committee notes revised.
1988 Revision: Subdivision (a)(3) changed to require applicant to attach accompanying statements or payment receipts regarding priority expenses. Subdivision (b) added to require persons entitled to exempt property to agree to the proposed disposition. Committee notes expanded.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 732.402, Fla. Stat. Exempt property.
§ 735.301, Fla. Stat. Disposition without administration.
Rule Reference
Fla. Prob. R. 5.205(a)(54) Filing evidence of death.
Rule 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
(a) Resignation. A personal representative may resign and be relieved of office upon filing a resignation with notice to all interested persons, including any surety on the-boad. — Before relieving the personal representative from the duties of -the-office, the-eour-t-sfaall require the personal representative to file an accounting-and-to pay over and deliver to the successor or-joint personal representative all of the decedent’s estate and-all-reeords concerning ■the-estate. — The acceptanee-of-such resignation shall not- exonerate any personal representative or surety from liability-previously incurred.
(b) Appointment of Successor-, — When a sole personal representative resigns, a successor must be appointed and qualified before a personal representative- is relieved of the duties- of-the-ofifiefe
(a) Resignation. A personal representative may resign with court approval.
(b) Petition for Resignation. The personal representative seeking to resign shall file a petition for resignation. The petition shall be verified and shall state:
(1) the personal representative desires to resign and be relieved of all powers, duties, and obligations as personal representative;
(2) the status of the estate administration and that the interests of the estate will not be jeopardized if the resignation is accepted;
(3) whether a proceeding for accounting, surcharge, or indemnification or other *1133 proceeding against the resigning personal representative is pending; and
(4) whether the appointment of a successor fiduciary is necessary. If the petition nominates a successor fiduciary, it shall state the nominee’s priority under the Florida Probate Code, if any, and that the nominee is qualified to serve under the laws of Florida.
(c) Service. The petition shall be served by formal notice on all interested persons and the personal representative’s surety, if any.
(d) Appointment of Successor. Before accepting the resignation, the court shall determine the necessity for appointment of a successor fiduciary. If there is no joint personal representative serving, the court shall appoint a successor fiduciary.
(e) Acceptance of Resignation. The court may accept the resignation and revoke the letters of the resigning personal representative if the interests of the estate are not jeopardized. Acceptance of the resignation shall not exonerate the resigning personal representative or the resigning personal representative’s surety from liability.
(f)DeIivery of Records and Property. The resigning personal representative shall immediately upon acceptance of the resignation by the court deliver to the remaining personal representative or the successor fiduciary all of the records of the estate and all property of the estate, unless otherwise directed by the court.
(g) Petition for Discharge; Accounting. The resigning personal representative shall file an accounting and a petition for discharge within 30 days after the date that the letters of the resigning personal representative are revoked by the court. The petition for discharge shall be verified and shall state:
(1) that the letters of the resigning personal representative have been revoked;
(2) that the resigning personal representative has surrendered all undistributed estate assets, records, documents, papers, and other property of or concerning the estate to the remaining personal representative or the successor fiduciary; and
(3) the amount of compensation paid or to be paid the resigning personal representative and the attorney and other persons employed by the resigning personal representative.
(h) Notice, Filing, and Objections to Accounting. Notice of, filing of, and objections to the accounting of the resigning personal representative shall be as provided in rule 5.345.
(i) Notice of Filing and Objections to Petition for Discharge.
(1) Notice of filing and a copy of the petition for discharge shall be served on all interested persons. The notice shall state that objections to the petition for discharge must be filed within 30 days after the later of service of the petition or service of the accounting on that interested person.
(2) Any interested person may file an objection to the petition for discharge within 30 days after the later of service of the petition or service of the accounting on that interested person. Any objection not filed within such time shall be deemed abandoned. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(3) The objecting party shall serve a copy of the objection on the resigning personal representative and other interested persons.
*1134 (4) Any interested person may set a hearing on the objections. Notice of the hearing shall be given to the resigning personal representative and other interested persons.
G) Failure to File Accounting or Deliver Records or Property. The resigning personal representative shall be subject to contempt proceedings if the resigning personal representative fails to file an accounting or fails to deliver all property of the estate and all estate records under the control of the resigning personal representative to the remaining personal representative or the successor fiduciary within the time prescribed by this rule or by court order.
(k) Discharge. The court shall enter an order discharging the resigning personal representative and releasing the surety on any bond after the court is satisfied that the resigning personal representative has delivered all records and property of the estate to the remaining personal representative or the successor fiduciary; that all objections, if any, to the accounting of the resigning personal representative have been withdrawn, abandoned, or judicially resolved; and that the liability of the resigning personal representative has been determined and satisfied.
Committee Notes
On the resignation of-a--personal-repre-s&ntativer a successor-personal representative shall file an-oath and designation of a successor resident agent.
In the event of resignation of a personal representative, if a joint personal representative is not serving, the successor fiduciary must file an oath and designation of a successor resident agent.
This rule was revised to implement the revisions to the probate code that govern resignation of personal representative. The committee intended to separate the procedure with respect to resignation from removal because these proceedings may differ in practice.
Rule History
1975 Revision: The rule provides for the orderly succession of personal representatives in the event a personal representative resigns or is removed.
1977 Revision: Editorial change in committee note.
1988 Revision: Editorial changes: captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Rule completely revised to comply with statutory changes. Committee notes revised.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§ 731.201(21), Fla. Stat. General definitions.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.401(l)(d), Fla. Stat. ■ Issuance — of ■letters
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.503, Fla. Stat. Appointment of successor upon resignation.
§ 733.5035, Fla. Stat. Surrender of assets after resignation.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
Rule References
FlaProb.R. 5.020 Pleadings; verification; motions.
FlaProb.R. 5.040 Notice.
*1135 Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.310 Disqualification of personal representative; notification.
F-la-Prob-R.-5;320 ■ Oath--of--personal representative.
Fla.Prob.R. 5.330 Execution by personal representative.
Fla.Prob.R. 5.345 Interim- accountings Accountings other than personal representatives’ final accountings.'
Fla.Prob.R. 5.346 Fiduciary accounting.
Fla.Prob.R. 5.401 Objections to petition for discharge or final accounting.
RULE 5.440. PROCEEDINGS FOR REMOVAL
(a) Commencement of Proceeding. The court on its own motion may remove, or any interested person by petition may commence a proceeding to remove, a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is sought, and shall be filed in the court having jurisdiction over the administration of the estate.
(b) Accounting. A removed personal representative shall file an accounting within 30 days after removal.
(c) Delivery of Records and Property. A removed personal representative shall, immediately after removal or within such time prescribed by court order, deliver to the remaining personal representative or to the successor fiduciary all of the records of the estate and all of the property of the estate.
(d) Failure to File Accounting or Deliver Records and Property. If a removed personal representative fails to file an accounting or fails to deliver all property of the estate and all estate records under the control of the removed personal representative to the remaining personal representative or to the successor fiduciary within the time prescribed by this rule or by court order, the removed personal representative shall be subject to contempt proceedings.
Committee Notes
The revision of subdivision (a) of this rule by the addition of its final phrase represents a rule implementation of the procedure found in section 733.505, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1980 Revision: Subdivision (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
1988 Revision: Last phrase of (a) added to implement the procedure found in section 733.505, Florida Statutes. Subdivision (b) amended to parallel interim accounting rules. Deletes ability to extend time to file and adds reference to court power to punish for contempt. Committee notes expanded. Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Entire rule amended. Contents of accountings by removed fiduciaries are now governed by rule 5.346. *1136 Editorial changes in (a), (c), and (d). Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.201(21), Fla. Stat. General definitions.
§ 733.504, Fla. Stat. Removal of personal representative; causes of removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.5061, Fla. Stat. Appointment of successor upon removal.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.509, Fla. Stat. Surrender of assets upon removal.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.310 Disqualification of personal representative; notification.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.346 Fiduciary accounting.
RULE 5.460. SUBSEQUENT ADMINISTRATION
(a) Petition. If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration.
(b) Contents. The petition shall state:
(1) the name, address, and interest of the petitioner in the estate;
(2) the reason for further administration of the estate;
(3) the description, approximate value, and location of any asset not included among the assets of the prior administration; and
(4) a statement of the relief sought.
(c) Order. The court shall enter such orders as appropriate. Unless required, the court need not revoke the order of discharge, reissue letters, or require bond.
Committee Notes
This rule establishes a procedure for further administration after estate is closed, which may be summary in nature.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1992 Revision: Citation form change in committee notes.
2003 Revision: Committee notes revised.
Statutory Reference
§ 733.903, Fla. Stat. Subsequent administration.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
*1137 Fla. Prob. R. 5.041 Service of pleadings and papers.
RULE 5.470. ANCILLARY ADMINISTRATION
(a) Petition. The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or
(2) for an intestate estate the petition for administration and authority of the personal representative to act.
(b) Notice. Before ancillary letters shall be issued to any person, formal notice shall be given to:
(1) all known persons qualified to act as ancillary personal representative and whose entitlement to preference of appointment is equal to or greater than petitioner’s and who have not waived notice or joined in the petition; and
(2) all domiciliary personal representatives who have not waived notice or joined in the petition.
(c) Probate of Will. On filing the authenticated copy of a will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.
Committee Notes
Rule History
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
1988 Revision: Committee notes revised.
1992 Revision: Changed rule to require that notice be given to persons qualified to act as ancillary personal representative whose entitlement to preference of appointment is equal to or greater than petitioner’s and to all domiciliary personal representatives prior to entry of an order admitting the will to probate. Committee notes revised. Citation form changes in committee notes.
1996 Revision: The requirement that a filing of an authenticated copy of a will be a “probated” will is removed from subdivision (c). There may be circumstances in which a will is on deposit or file in a foreign jurisdiction but is not being offered for probate. That should not preclude an ancillary administration in Florida of that estate. This change is not intended to allow an authenticated copy of any document other than an original instrument to be filed under this rule and considered for probate.
2003 Revision: Committee notes revised.
Statutory References
§ 731.111, Fla. Stat. Notice to creditors.
§ 733.212, Fla. Stat. Notice of administration; filing of objections- and claims.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 734.102, Fla. Stat. Ancillary administration.
§ 734.1025, Fla. Stat. Nonresident decedent’s testate estate with property not exceeding $25^0050,000 in this state; determination of claims.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
*1138 Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.475 Ancillary administration, short form.
RULE 5.475. ANCILLARY ADMINISTRATION, SHORT FORM
(a) Filing Requirements. An estate which meets the requirements of section 734.1025, Florida Statutes, may file with the clerk in the county where any property is located, an authenticated copy of so much of the transcript of the domiciliary proceedings as will show:
(1) in a testate estate, the probated will and all probated codicils of the decedent; the order admitting them to probate; the letters or their equivalent; and the part of the record showing the names of the devisees and heirs of the decedent or an affidavit of the domiciliary personal representative reciting that the names are not shown or not fully disclosed by the domiciliary record and specifying the names. On presentation of the foregoing, the court shall admit the will and any codicils to probate if they comply with section 732.502(1) or section 732.502(2), Florida Statutes;
(2)in an intestate estate, the petition for administration; order appointing personal representative; and an authenticated copy of letters of administration, or their equivalent, with the part of the record showing the names of the heirs of the decedent or an affidavit of the domiciliary personal representative supplying the names, as provided in subdivision (1). On presentation of the foregoing, the court shall order them recorded.
(b) Notice to Creditors. After complying with the foregoing requirements, the domiciliary personal representative shall cause a notice to creditors to be published as required by these rules.
(c) Claims Procedure. The procedure for filing or barring claims and objecting to them and for suing on them shall be the same as for other estates, except as provided in this rule.
(d) Order. If no claims are filed against the estate within the time allowed, the court shall enter an order adjudging that notice to creditors has been duly published and proof thereof filed and that no claims have been filed against the estate or that all claims have been satisfied.
(e) Notification of Claims Filed. If any claim is filed against the estate within the time allowed, the court shall send to the domiciliary personal representative a copy of the claim and a notice setting a date for a hearing to appoint an ancillary personal representative. At the hearing, the court shall appoint an ancillary personal representative according to the preferences as provided by law.
(f) Objections to Claims. If an ancillary personal representative is appointed pursuant to this rule, the procedure for filing, objecting to, and suing on claims shall be the same as for other estates, except that the ancillary personal representative appointed shall have not fewer than 30 days from the date of appointment within which to object to any claim filed.
Committee Notes
This rule represents a rule implementation of the procedure found in section 734.1025, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been *1139 reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.111, Fla. Stat. Notice to creditors.
§ 733.212, Fla. Stat. Notice of administration; — filing of objections -and claims.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 734.102, Fla. Stat. Ancillary administration.
§ 734.1025, Fla. Stat. Nonresident decedent’s testate estate with property not exceeding $25,00050,000 in this state; determination of claims.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.470 Ancillary administration.
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
(a) Form. A creditor’s statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliqui-dated, the nature of the uncertainty.
(b) Copy. At the time of filing the claim, the creditor shall also furnish the clerk with a copy thereof.
(c) Mailing. The clerk shall mail a copy of claims, noting the fact and date of mailing on the original, to the attorney for the personal representative unless all personal representatives file a notice directing that copies of claims be mailed to a designated personal representative or attorney of record. Absent designation, a copy of claims shall be mailed to the attorney for the personal representative named first in the letters of administration.
(d) Validity of Claim. Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.
(e) Amending Claims. If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.
Committee Notes
Subdivision (e) of this rule represents a rule implementation of the procedure found in section 733.704, Florida Statutes. *1140 It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1975 Revision: Sets forth the claims procedure to be followed and clarifies the matter of delivery of copies where there are multiple personal representatives or where the attorney of record desires to accept such delivery.
1984 Revision: Extensive editorial changes and requires furnishing of copy of claim to the attorney for the personal representative. Committee notes revised.
1988 Revision: Clarifies the matter of delivery of copies and directs the clerk to mail the same to the attorney for the personal representative unless designations are filed by all personal representatives to the contrary. Subdivision (e) added to implement the procedure found in section 733.704, Florida Statutes. Editorial changes. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1999 Revision: Reference to repealed rule deleted from committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§ 731.111, Fla. Stah-N-etiee to creditors-
§ 733.212, Fla.-Stah-N-otiee of administration; — filing of— objections and claims-
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.703, Fla. Stat. Form and manner of presenting claim.
§ 733.704, Fla. Stat. Amendment of claims.
§ 733.708, Fla. Stat. Compromise.
§ 733.710, Fla. Stat. Limitations on claims against estates.
§ 734.102, Fla. Stat. Ancillary administration.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.240 Notice of administr-a-tien-r
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.470 Ancillary administration.
Fla. Prob. R. 5.475 Ancillary administration, short form.
Fla. Prob. R.--5.520 Family administr-a-
Fla. Prob. R. 5.530 Summary administration.
RULE 5.496. FORM AND MANNER OF OBJECTING TO CLAIM
(a) Filing. An objection to a claim shall be in writing and shall be filed within 4 months from the first publication of notice of-administration to creditors or within 30 days from the timely filing of a claim, whichever occurs later.
(b) Objection to Proof of Claim. An objection to a personal representative’s proof of claim shall identify the particular item or items of the claim to which objection is made.
(c) Service. A personal representative or other interested person who files an objection to a claim shall serve a copy by registered or certified mail or by delivery on the claimant or claimant’s attorney of record within 10 days after the filing of the *1141 objection, and also on the personal representative if the objection is filed by an interested person other than the personal representative.
(d) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law.
Committee Notes
This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, and adds a requirement to furnish notice of the time limitation in which an independent action or declaratory action must be filed after objection to a claim.
Rule History
1992 Revision: New rule.
2003 Revision: Reference in (a) to notice of administration changed to notice to creditors. Committee notes revised.
Statutory Reference
§ 733.705, Fla. Stat. Payment of and objection to claims.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) Proceeding. The establishment and probate of a lost or destroyed will shall be in one proceeding.
(b) Petition. The petition, in addition to reciting information required under these rules for petition for administration, shall include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will.
(c) Testimony. The testimony of each witness in the proceeding shall be reduced to writing and filed and may be used as evidence in any contest of the will if the witness has died or moved from the state.
(d) Notice. No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby devised.
(e) Order. The order admitting the will to probate shall state in full its terms and provisions.
Committee Notes
This rule represents a rule implementation of the procedure formerly found in section 733.207, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. This rule replaces a prior rulo of the same number and is intended to track.the statute more closely than tho prior rule.
Rule History
1977 Revision: Editorial change in subdivision (c) of prior rule.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Rule rewritten to conform to statute. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2002 Revision: Subdivision (d) added to implement procedure formerly found in section 733.207(3), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
*1142 Statutory Reference
§ 738.207, Fla. Stat. Establishment and probate of lost or destroyed will.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.200 Petition for administration.
RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shall be verified and shall contain the statements required by law and the following:
(1)Facts showing that the petitioners are entitled to summary administration.
(2) A schedule of all assets required by law to be listed and the estimated value of each, separately designating protected homestead and exempt property.
(3) One of the following shall be included:
(A) A statement that the estate is not indebted.
(B) A statement that all creditors’ claims are barred.
(C) The name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) The name of the person who will pay the debt.
(ii) The creditor’s written consent for substitution or assumption of the debt by another person.
(in) The amount to be paid if the debt has been compromised.
(iv) If the debt is to be paid in other than 1 lump sum or as directed by court order, the time and method of payment,
(4)A schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate Estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Verification and service of a petition for summary administration are governed by rules 5.020, 5.040, and 5.041. Section 735.206(2), Florida Statutes, relating to diligent search for, and service of the petition for summary administration on, reasonably ascertainable creditors is substantive. Nothing in this rule is intended to change the effect of the statutory amendments.
Rule History
1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
*1143 1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces “homestead” with “protected homestead” in (a)(2) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§§ 735.201-735.2063, Fla. Stat. Summary administration.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.205(a)(43) Fifing evidence of death.
RULE 5.541. RECORDING OF HEARINGS
Electronic or stenographic recordings shall be made of all hearings on the:
(a) adjudication of incapacity;
(b) appointment of a guardian;
(c) modification, termination, or revocation of the adjudication of incapacity; or
(d) restoration of capacity.
Committee Notes
This is-a-new-rule. — It- represents a rule implementation of the procedure found in sections 744.109 and 744.3031, Florida Statutes. It is not intended to change the effect of the statutes from which it is derived, or to create a new procedure or modify an existing procedure.
Rule History
1991 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
2003 Revision: Committee notes revised.
Statutory References
§ 744.109, Fla. Stat. Records.
§ 744.3031, Fla. Stat. Emergency temporary guardianship.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
Rule Reference
Fla. Prob. R. 5.610 Execution by guard-
RULE 5.552 VOLUNTARY GUARDIANSHIP OF PROPERTY
(a) Petition for Appointment of Guardian. The petition for voluntary guardianship shall be verified by the petitioner and shall state:
(1)the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) that the petitioner although mentally competent is incapable of the care, custody, and management of the petitioner’s estate by reason of age or physical infirmity, and is voluntarily petitioning to have a guardian of the petitioner’s property appointed;
(4) whether the guardianship shall apply to all of the petitioner’s property or less than all of the petitioner’s property; and if less than all of the petitioner’s property, the specific property to which the guardianship is to apply;
(5) the name and residence and post office address of any proposed guardian;
(6)that the proposed guardian is qualified to serve or that a willing and qualified *1144 proposed guardian has not been located; and
(7) the names and post office addresses of persons to whom the petitioner requests that notice of the hearing for the appointment of the guardian, and any petition for authority to act, be given.
(b) Certificate of Licensed Physician. The petition shall be accompanied by a certificate of a licensed physician as required by law.
(c) Notice of Hearing. Notice of hearing on the petition for appointment, and any petition for authority to act, shall be given to the ward and any person to whom the ward requests notice be given, which request can be made in the petition for appointment or a subsequent written request for notice signed by the ward-
ed) Termination. The ward may terminate a voluntary guardianship by Sling a notice of termination. Copies of the notice shall be served on all interested persons. The guardian shall file a petition for discharge in accordance with these rules.
Committee Notes
Rule History
2003 Revision: New rule.
Statutory Reference
§ 744.341, Fla. Stat. Voluntary guardianship.
Rule Reference
Fla. Prob. R. 5.680 Termination of guardianship.
RULE 5.555. GUARDIANSHIPS OF MINORS
(a) Application. This rule shall apply to any guardianship for a minor.
(b) Petition to Determine Incapacity. No petition to determine incapacity need be filed.
(c) Petition for Appointment of Guardian. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, social security num-berv and residence and post office address of the minor;
(4) the names and addresses of the parents of the minor and if none, the next of kin known to the petitioner;
(5) the name and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve; or, that a willing and qualified guardian has not been located;
(6) the proposed guardian’s relationship to and any previous association with the minor;
(7) the reasons why the proposed guardian should be appointed; and
(8) the nature and value of the property subject to the guardianship.
(d) Notice. Formal notice of the petition for appointment of. guardian shall be served on any parent who is not a petitioner or, if there is no parent, on the persons with whom the minor resides and on such other persons as the court may direct.
(e) Initial and Annual Guardianship Reports.
(1) The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by the court, the guardian need not file an initial or annual guardianship plan.
(3) Unless otherwise ordered by the court, the guardian need not serve a copy of the initial guardianship report and the *1145 annual guardianship reports on the ward if the ward is under the age of 14 years.
(f) Inspection of Inventory or Accounting. Unless otherwise ordered by the court for good cause shown, any inventory, amended or supplementary inventory, or accounting is subject to inspection only by the clerk, the ward or the ward’s attorney, and the guardian or the guardian’s attorney.
Committee Notes
The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.
Rule History
1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
2000 Revision: Deletes requirement in subdivision (c) to report social security number of proposed guardian.
2003 Revision: Deletes requirement in subdivision (c) to report social security number of minor. Committee notes revised.
Statutory References
§ 69.031, Fla. Stat. Designated financial institutions for assets in hands of guardians, curators, administrators, trustees, receivers, or other officers.
§ 744.3021, Fla. Stat. Guardians of minors.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing. ’
§ 744.342, Fla. Stat. Minors; guardianship.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3679, Fla. Stat. Simplified accounting procedures in certain cases.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.541 Recording of hearings.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
*1146 Fla. Prob. R. 5.620 Inventory.
Fla. Prob. R. 5.636 Settlement of minors’ claims.
Fla. Prob. R. 5.690 Initial guardianship report.
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON
(a) Contents. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, and residence and post office address of the alleged incapacitated person;
(4) the nature of the incapacity, the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(6) the name and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, or that a willing and qualified guardian has not been located;
(7) the proposed guardian’s relationship to and any previous association with the alleged incapacitated person; and
(8) the reasons why the proposed guardian should be appointed.
(b) Notice. Notice of filing the petition for appointment of guardian may be served as a part of the notice of filing the petition to determine incapacity, but shall be served a reasonable time before the hearing on the petition or other pleading seeking appointment of a guardian.
(c)Service on Public Guardian. If the petitioner requests appointment of the public guardian, a copy of the petition and the notice shall be served on the public guardian.
Committee Notes
Rule History
1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
1984 Revision: Combines rule 5.560 and part of prior rule 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because rule 5.555(d) addresses service on parents.
1992 Revision: Citation form changes in committee notes.
1996 Revision: Deletes requirement in subdivision (a) to report social security number of alleged incapacitated person. *1147 Adds provision to subdivision (b) for notice before hearing when petition is not served simultaneously with petition to determine incapacity.
2000 Revision: Deletes requirement in subdivision (a) to report social security number of proposed guardian.
2003 Revision: Committee notes revised.
Statutory References
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744.344, Fla. Stat. Order of appointment.
§ 744.703, Fla. Stat. Office of public guardian; appointment, notification.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.550 Petition to determine incapacity.
RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING
(a)Individual Applicants.
(1)The application for appointment shall contain:
(A) the applicant’s qualifications to serve as a guardian; and
(B) the names of all wards for whom the applicant is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the applicant is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(2)The application for appointment shall be filed and served a reasonable time before the hearing on the appointment of a guardian.
(b) Nonprofit Corporate Guardians.
(1) No application for appointment shall be required of a nonprofit corporate guardian.
(2) A disclosure statement shall contain:
(A) the corporation’s qualifications to serve as a guardian; and
(B) the names of all wards for whom the corporation is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the corporation is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(3) The disclosure statement of a nonprofit corporate guardian shall be filed quarterly with the clerk of the court for each circuit in which the corporation has been appointed, or is seeking appointment, as guardian.
(c) For Profit Corporations and Associations. No application for appointment or disclosure statement shall be required of any for profit corporation or association authorized to exercise fiduciary powers under Florida law.
*1148 (d)Public Guardians. No application for appointment or disclosure statement shall be required of a public guardian.
Committee Notes
Rule History
1988 Revision: Prior rule deleted; text of rule moved to rule 5.650.
1989 Revision: Rule reactivated with different title and text.
1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.
1992 Revision: Citation form change in committee notes.
1996 Revision: Adds filing and service provisions consistent with rule 5.560. Corrects reference to corporations qualified to exercise fiduciary powers. Editorial changes. Adds statutory references.
2003 Revision: Committee notes revised.
Statutory References
§ 733.305(-l-X-Fla. StaL Trust-companies and other corporations — and associations.
§ 744.102(3), (13), Fla. Stat. Definitions.
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla. Stat. Application for appointment.
§ 744.331(1), Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
RULE 5.610. EXECUTION BY GUARDIAN
The guardian shall sign the:
(a) initial guardianship plan;
(b) inventory, amended inventory, or supplemental inventory;
(c) annual guardianship plan;
(d) annual accounting;
(e) guardian’s petition for court approval required by law;
(f) petition for discharge;
(g) final report; and
(h) resignation of guardian.
Committee Notes
Rule History
1975 Revision: Rule lists what guardian shall sign and includes any petition for court approval required by section 744.441, Florida Statutes. The rule requires that the guardian have actual knowledge of the more important steps and acts of administration.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 and 1990 revisions to guardianship law. Adds additional documents to be signed by the guardian. Statutory references added.
2003 Revision: Committee notes revised.
Statutory References
§ 744.3215, Fla,' Stat. Rights of persons determined incapacitated.
§ 744.331, Fla. Stat. Procedures to -determine incapacity.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
*1149 § 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval;, breach of fiduciary duty.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.527(1), Fla. Stat. Final reports and application for discharge; hearing.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.
RULE 5.636. SETTLEMENT OF MINORS’ CLAIMS
(a) Time of Settlement. Claims on behalf of minors may be settled either before or after an action is filed.
(b) Petition. The petition for approval of a settlement shall contain:
(1) the name, residence address, and date of birth of the minor;
(2) the name and address of any guardian appointed for the minor;
(3) the name and residence address of the natural guardians or other persons having legal custody of the minor;
(4) a statement disclosing the interests of any natural or court-appointed guardian whose interest may be in conflict with that of the minor;
(5) a description of the cause of action in which the minor’s interest arises;
(6) a summary of the terms of the proposed settlement; and
(7) copies of all agreements, releases, or other documents to be executed on behalf of the minor.
(c) Notice. Notice of the petition shall be given to the court-appointed guardians for the minor, to the natural guardians or other persons with legal custody of the minor, to the minor if age 14 or older, and to the minor’s next of kin if required by the court.
(d) Guardian Ad Litem. The court shall appoint a guardian ad litem on behalf of a minor, without bond, or notice, with respect to any proposed settlement that exceeds $25,000 and affects the interests of the minor, if:
(1) there is no court-appointed guardian of the minor;
(2) the court-appointed guardian may have an interest adverse to the minor; or
(3) the court determines that representation of the minor’s interest is otherwise inadequate.
(e) Valuation of Proposed Settlement. A proposed settlement is deemed to exceed $25,000 if the gross amount payable exceeds $25,000, without reduction to reflect present value or fees and costs.
(f) Report. A guardian ad litem appointed with respect to a proposed settlement affecting the interests of a minor shall, not later than 5 days prior to the hearing on. a petition for order authorizing settlement, *1150 file and serve a report indicating the guardian ad litem’s determination regarding whether the proposed settlement will be in the best interest of the minor. The report shall include:
(1) a statement of the facts of the minor’s claim and the terms of the proposed settlement, including any benefits to any persons or parties with related claims;
(2) a list of the persons interviewed and documents reviewed by the guardian ad litem in evaluating the minor’s claim and proposed settlement; and
(3) the guardian ad litem’s analysis of whether the proposed settlement will be in the best interest of the minor.
A copy of the report shall be served on those persons on whom service is required in subdivision (c) of this rule.
Committee Notes
When a civil action is pending, the petition for approval of settlement should be filed in that civil action. In all other circumstances, the petition for approval of settlement should be filed in the same court and assigned to a judge who would preside over a petition for appointment of guardian of a minor.
The total settlement to be considered under subdivisions (d) and (e) is not limited to the amounts received only by the minor, but includes all settlement payments or proceeds received by all parties to the claim or action. For example, the proposed settlement may have a gross value of $30,000, with $15,000 payable to the minor and $15,000 payable to another party. In that instance the total proposed settlement exceeds $25,000. Further, the “gross amount payable” under subdivision (e) is the total sum payable, without reducing the settlement amount by fees and costs that might be paid from the proceeds of the settlement. For example, if the proposed settlement is $30,000 but $10,000 of that sum will be paid to the attorneys representing the minor’s interest in the action, the “gross amount payable” still exceeds $25,000. Likewise, the “gross amount payable” cannot be reduced to reflect the present value of the proposed settlement on behalf of the minor.
Rule History
1992 Revision: New rule.
2003 Revision: Committee notes revised.
Statutory References
§ 744.301, Fla. Stat. Natural guardians.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.391, Fla. Stat. Actions by and against guardian or ward.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 768.23, Fla. Stat. Protection of minors and incompetents.
§ 768.25, Fla. Stat. Court approval of settlements.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.630 Petition for approval of acts.
*1151 RULE 5.680. TERMINATION OF GUARDIANSHIP
(a) Petition for Discharge. When the ward has become sui juris, has died, orter-minated a voluntary guardianship, has been restored to capacity, or has died, or when the guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian shall file a petition for discharge. A guardian of the person is discharged without further proceeding upon filing a certified copy of the ward’s death certificate.
(b) Contents of Petition. The petition for discharge shall state:
(1) the reason for termination of the guardianship;
(2) that the guardian has fully administered the guardianship; and
(3) the amount of unpaid and anticipated costs and fees to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated disbursements, costs, and fees, including the amounts set forth in subdivision (b)(3), and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.
(d) Notice. A notice shall be served stating:
(1)that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) that any objection to the final report or the petition for discharge shall be filed within 30 days from the date of service of the petition for discharge; and
(3) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. The guardian applying for discharge shall serve a copy of the petition for discharge and final report on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward, or such other persons as the court may direct; provided however, that a guardian of the property who is subsequently appointed personal representative shall serve a copy of the petition for discharge and final report on all beneficiaries of the ward’s estate.
(f) Objections. All persons served shall have 30 days to file objections to the petition for discharge and final report. The objections shall state with particularity the items to which the objections are directed and shall state the grounds on which the objections are based. Copies of the objections shall be served by the objector on the guardian. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned. The guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved, and the petition for discharge of the guardian is granted by the court.
(g) Discharge. The guardian may not be discharged until all objections are withdrawn, abandoned, or judicially resolved. *1152 After all objections are withdrawn, abandoned, or judicially resolved, and if it appears that the guardian has paid all amounts reserved to the persons entitled to them and has made full and complete distribution of the ward’s assets to the persons entitled to them and has otherwise faithfully discharged the duties of the guardian, the court shall grant the petition for discharge and enter an order of discharge. If objections are filed and are not withdrawn, abandoned, or judicially resolved, the court shall conduct a hearing in the same manner as for a hearing on objections to annual guardianship plans. After hearing, if the court is satisfied that the guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the guardian has rendered a complete and accurate final report and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge.
(h) Waiver. Any portion of the petition for discharge, including the final report, or the time for filing of objections may be waived by any interested person.
Committee Notes
Rule History
1975 Revision: Implements sections 744.527 and 744.581, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under rules 5.400 and 5.401.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes to clarify that all anticipated costs and fees should be shown on final report and thereafter paid prior to transfer of assets and discharge of guardian.
2003 Revision: Subdivision (a) amended to reflect addition of rule 5,552 dealing with voluntary guardianship of property. Committee notes revised.
Statutory References
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.527, Fla. Stat. Final reports and application for discharge; hearing.
§ 744.528, Fla. Stat. Discharge of guardian named as personal representative.
§ 744.531, Fla. Stat. Order of discharge.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.610 Execution by guardian.